■ Sylvia Hellner et al., Respondents, v. James Mannow et al., Doing Business as Astorian Manor, Appellants.— Order, Supreme Court, Bronx County, entered August 14, 1972, unanimously reversed, on the law and in the exercise of discretion, and defendants' motion to dismiss the complaint is granted and the complaint dismissed, without costs and without disbursements. The accident of which plaintiff complains occurred March 23, 1968. Action was commenced on or about April 16, 1971, by service of the summons alone upon the defendant by the Sheriff. A notice of appearance and demand for a complaint was served May 20, 1971. April 27, 1972, plaintiff attempted to serve a complaint. Defendants moved pursuant to CPLR 3012 (subd. [b]) to dismiss the complaint. It is from a denial of the motion that defendants appeal. No valid excuse is offered to explain the delay in serving the complaint over this extended period and the motion should have been granted (*Schwartz* v. *National Fire Ins. Co.*, 25 A D 2d 727; *Powell* v. *Becker Truck Renting Corp.*, 20 A D 2d 573). Plaintiff's attorney could have verified the complaint. In fact, the proposed complaint is purported to be verified by the attorney. Nor is it requisite that prejudice be shown before a motion to dismiss is granted in a case of this nature. "The absence of a reasonable excuse for the delay is determinative" (*Garcia* v. *Sentry-Norden Oil & Heating Co.*, 18 A D 2d 789). Concur — Stevens, P. J., Kupferman, Murphy, Steuer and Tilzer, JJ.