## FOURTH DEPARTMENT, APRIL, 1975

### (April 17, 1975)

■ MICHAEL VACCARO, Respondent, v FAIRFIELD ENGINEERING CO., Appellant.—Order unanimously reversed, without costs, motion granted and action dismissed. Memorandum: While a motion to dismiss for failure to serve a complaint made pursuant to CPLR 3012 (subd [b]) is addressed to the discretion of the court *(Lehigh Val. R. R. Co. v North Amer. Van Lines,* 25 AD2d 923), on the record before us Special Term improvidently exercised its discretion in denying the motion and permitting plaintiff to serve a complaint more than 18 months after demand therefor. The bare summons in this action for personal injuries was served three years and one week after the accident in which plaintiff was injured, allegedly by a coal tripping machine installed by defendant at the place where plaintiff was employed. Although during the next 18 months plaintiff's counsel received a notice of appearance with demand for a copy of the complaint, followed by two letters requesting service of the complaint, no response was forthcoming until three days after oral argument of defendant's motion to dismiss. At that time plaintiff requested leave to serve a complaint setting forth three causes of action in negligence, breach of warranty and strict tort liability, a copy of which accompanied the affidavits served at that time. The only excuse, offered then for the first time, for the failure to have served the pleading earlier was that plaintiff's attorney had been communicating with the compensation carrier of plaintiff's employer in regard to the carrier's sharing the costs of hiring experts to examine the coal tripper machine, which costs would have been a burden if borne by plaintiff alone. Counsel asserted that he felt it in the best interest of his client to have an expert's report before drafting the complaint. This is. an inadequate excuse, however, when it appears from the same affidavit of plaintiff's counsel that he learned in June, 1972 that the carrier would not participate in the costs; that he thereafter undertook investigation of the accident and received reports "in the forepart of 1973" yet failed to respond to two subsequent written invitations by defendant's counsel to serve a complaint (in May and Aug. 1973). The inadequacy of the excuse is further demonstrated by an examination of the proposed complaint, which discloses only the most general allegations of the causes of action set forth, reflecting no reliance on any specific information gained from an expert. What was done by way of drafting a complaint at or after the time of the motion to dismiss could easily have been done during the 18 months following service of the notice of appearance and demand for a complaint. In the absence of any showing to excuse the failure to serve the requested pleading prior to the motion to dismiss, the motion should have been granted *(Hellner v Mannow,* 41 AD2d 525, app dsmd 32 NY2d 897; *De Stefano v Nash,* 40 AD2d 1010). (Appeal from order of Special Term in action for damages for industrial accident.) Present—Marsh, P. J., Moule, Mahoney, Del Vecchio and Witmer, JJ.