■    CLARENCE F. GILES et al., Respondents, v ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant.—Order and judgment unanimously affirmed, without costs. Memorandum: Defendant, St. Paul Fire & Marine Insurance Co., appeals from an order which denied its cross motion for summary judgment and granted summary judgment to plaintiff insureds individually and as a partnership. The question presented is whether or not the defendant is obligated under the terms of its professional liability insurance policy to defend and indemnify the plaintiff insureds in a malpractice action commenced against them by Michael Vaccaro. Defendant contends that plaintiff insureds failed to comply with a notice provision of the policy, thereby violating the policy conditions and justifying a disclaimer of coverage. The alleged malpractice arose because of the dismissal, for failure to serve a complaint, of an action in which Vaccaro was represented by one of the plaintiff insureds (*Vaccaro v Fairfield Eng. Co.,* 47 AD2d 986). No appeal was taken from that decision which became final on May 17, 1975. On August 12, 1976, Vaccaro commenced an action for malpractice by service of a summons and complaint on plaintiff insureds, seeking to recover two million dollars. On that same day plaintiff insureds notified defendant of the action and forwarded a copy of the summons and complaint. In a letter to the insureds dated August 26, 1976 defendant disclaimed any liability under its professional liability policy, claiming that plaintiffs had failed to comply with a notice provision, thereby justifying disclaimer of coverage. Plaintiffs' policy, a "Lawyers' Combination Policy," sets forth three types of coverage: Coverage A—Professional Liability; Coverage B—Office Premises Liability; Coverage C—Burglary and Robbery. Plaintiffs are insured only under Coverage A, which obligates defendant to pay any "damages arising out of the performance of professional services for others in the Insured's capacity as a lawyer" and to defend the insureds against any suit alleging such damages. The notice provision on which defendant relies reads as follows: "CONDITIONS APPLICABLE TO COVERAGES A AND B. C. Insured's Duties in the Event of Occurrence, Claim or Suit (1) In the event of an occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the *names and addresses of the injured and of available witnesses,* shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable. The Named Insured shall promptly take at his expense all reasonable steps *to prevent other bodily injury or property damage from arising out of the same or similar conditions,* but such expense shall not be recoverable under this Policy. (2) If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative." (Emphasis added.) Defendant maintains that the dismissal of the Vaccaro action by this court on May 17, 1975 was an "occurrence" within the meaning of clause (1) and that the insureds' failure to notify defendant of such "occurrence" entitles it to disclaim coverage. The three types of coverage available under the policy have discrete and severable definitions, exclusions and conditions. The word "occurrence" is used in defining the scope of Coverage B (Premises Operations) as follows: "[St. Paul Insurance Co. is obligated to] pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage * * * caused by an *occurrence* and arising out of the ownership,

maintenance or use, as a law office, of the insured premises" (emphasis added). "Occurrence" is defined in the policy only with regard to Coverage B, as follows: "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the Insured". The only instance in the policy in which the word "occurrence" is used exclusively with respect to Coverage A (Professional Liability) is under the "Limits of Liability" section which provides for a $500,000 limitation for "each occurrence". Plaintiffs contend that the "occurrence" of which notice is required under clause (1) of paragraph C of the "Conditions" is that arising from bodily injury or property damage attributable to accidents occurring on office premises under Coverage B. They urge that the last sentence of clause (1), providing for mitigation "to prevent other bodily injury or property damage arising out of the same or similar conditions" supports that position. That seems to be the reasonable interpretation of. the language of clause (1), which appears to contemplate, as Special Term found, an actual claim for injury, not, as in the case at bar, a potential claim for damages. If the defendant intended to require notice at the time plaintiff insureds became aware of an act or omission which might reasonably be expected to be the basis of a malpractice claim or suit, it should have done so in clear and unambiguous language. Most attorneys' professional liability policies require notice of an "act or omission which might reasonably be expected to be the basis of a claim or suit" or notice upon "receiving information as to an alleged act, error or omission for which claim is made" (see Mallen & Levit, Legal Malpractice, § 463). The potential for error in a professional context is pervasive. Therefore, if notification of the circumstances giving rise to potential claims is required under a professional malpractice insurance policy, we are of the view that such requirement must be specifically set forth. The policy provisions which defendant St. Paul urges us to read as imposing such requirement are vague and ambiguous. Inasmuch as the policy was written by the insurer, any ambiguity must be construed in favor of the insured. (*Government Employees Ins. Co. v Kliger,* 42 NY2d 863, 864-865; *Greaves v Public Serv. Mut. Ins. Co.,* 5 NY2d 120, 125; *Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380; *Scinta v Kazmierczak,* 59 AD2d 313, 316). The plaintiff insureds gave the defendant prompt notice of the commencement of the malpractice action brought against them and thus fulfilled the conditions of the notice provisions in clause (2) of paragraph C above. Defendant must therefore provide a defense in the action against their insureds and indemnify them up to the limits of the policy for any judgment recovered against them by plaintiff Vaccaro. (Appeal from order and judgment of Onondaga Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.