■ BELLEFONTE INSURANCE COMPANY, Appellant-Respondent, v ELI D. ALBERT, P. C., et al., Respondents-Appellants. — Order, Supreme Court, New York County (Burton A. Sherman, J.), entered on August 1, 1983, which denied plaintiff-appellant-respondent's motion for summary judgment, made upon a submission pursuant to CPLR 3222, seeking a declaration that plaintiff was not obligated under its policy of professional liability insurance to provide a defense to defendants-respondents-appellants is unanimously reversed, on the law and the facts, with costs, and the motion granted to the extent of declaring that Bellefonte Insurance Company is under no obligation under its policy of insurance LP 10007 to defend Eli D. Albert, P. C., and/or Eli D. Albert in any action commenced against them by reason of the dismissal of the Hartman/Capote wrongful death action, nor to pay any judgment that may be obtained or costs taxed against them in any such action nor to indemnify them for any settlement that may arise out of any claim against them in regard to the dismissal of said wrongful death action. ¶ Cross appeal of defendants-respondents-appellants is dismissed as moot, without costs. ¶ On April 15, 1977, Bellefonte Insurance Company (Bellefonte) issued its lawyers' professional liability policy No. LP 10007 to Eli D. Albert, P. C., and Eli D. Albert (Albert) which policy remained in force during the period April 15, 1977 to April 15, 1981. ¶ Albert was retained on August 12, 1975, by Ana Capote, to prosecute an action for the pain and suffering and wrongful death of her common-law husband, Hector Capote, who had died on August 1, 1975. Albert did not apply for limited letters of administration on Hector Capote's estate in favor of George D. Hartman until April 11, 1978, although he had caused letters of guardianship of the infant issue of the decedent to be issued to Hartman on February 11, 1977. The limited letters were issued on July 13, 1978 and the wrongful death action was commenced shortly thereafter by the service of a summons and complaint on July 27, 1978. The defendants in that

action served an answer on August 29, 1978, in which they asserted the Statute of Limitations of EPTL 5-4.1 (wrongful death action to be commenced within two years after the death) as an affirmative defense. On September 10, 1979, they moved for summary judgment pursuant to CPLR 3212, asserting the same grounds. That motion was granted and the complaint dismissed by order dated June 5, 1980. Albert appealed that dismissal by notice dated June 26, 1980, but did not perfect the appeal until September, 1981. The order dismissing the complaint was affirmed by this court by order dated October 22, 1981 (*Hartman v Budget Rent A Car — Sommerville*, 84 AD2d 692). Albert notified Bellefonte, orally, of the dismissal of the Hartman/Capote complaint and the possibility of a malpractice claim against him on January 8, 1982. ¶ The lawyers' professional liability policy issued by Bellefonte provides, in pertinent part: "3. Notice of Claim or Suit. Upon the insured becoming aware of any act or omission which might reasonably be expected to be the basis of a claim or suit covered hereby, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable, together with the fullest information obtainable. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." With Bellefonte contending that because Albert failed to give timely notice of the facts regarding the Hartman/Capote matter, it was under no obligation to defend or pay under its policy should Albert be sued, and Albert contending that his obligation to notify Bellefonte of the Hartman/Capote matter did not arise until the appellate process respecting the dismissal of the complaint was completed, the parties submitted the controversy to Special Term for resolution. ¶ Special Term found that the language of the notice-of clause of the policy was vague and imprecise and required interpretation. Consequently it dismissed the submission pursuant to CPLR 3222 (subd [b], par 5). Apparently Special Term concluded, as Albert argues on this appeal, that an ambiguity is created by the language in the first sentence of clause 3, which requires written notice to the company as soon as practicable "[u]pon the insured becoming aware of any act or omission which might reasonably be expected to be the basis of a claim or suit" and the last sentence which provides that "[i]f claim is made or suit is brought against the insured, the insured shall immediately forward * * * every demand, notice, summons or process received". No such ambiguity exists. Indeed the language in the first sentence comports precisely with "[m]ost attorney's professional liability policies [which] require notice of an 'act or omission which might reasonably be expected to be the basis of a claim or suit' or notice upon 'receiving information as to an alleged act, error or omission for which claim is made' (see Mallen & Levit, Legal Malpractice, § 463)" and specifically sets forth the requirement of "notification of the circumstances giving rise to [a] *potential* [claim]" (*Giles v St. Paul Fire & Mar. Ins. Co.*, 62 AD2d 1138, 1139; emphasis added). ¶ Even if the assertion of the affirmative defense of the Statute of Limitations, under the circumstances here present, did not give rise to a reasonable expectation that a malpractice claim might be filed, certainly the dismissal of the complaint should have caused Albert to recognize that very real possibility. While a "good-faith belief [by an insured] of nonliability may excuse or explain a seeming failure to give timely notice * * * the insured's belief must be reasonable under all the circumstances" (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441). ¶ We hold by waiting until the affirmance of the order dismissing the complaint in the Hartman/Capote action as being barred by the Statute of Limitations, Albert acted unreasonably and his failure to give timely notice of "any act or omission which might reasonably be expected to be the basis of a claim or suit" as soon

as practicable following that dismissal was a breach of the terms of the policy which relieves Bellefonte of its obligations to defend against any action or pay any claim arising out of the dismissal of that action. Concur — Kupferman, J. P., Silverman, Bloom and Alexander, JJ.