■ ANNA LIFSHITZ, Plaintiff, v JOSEPH E. BRADY et al., Defendants and Third-Party Plaintiffs-Appellants. ROBERT T. FUCHS, Third-Party Defendant-Respondent. [748 NYS2d 605] —In an action to recover damages for legal malpractice, the defendants third-party plaintiffs, Joseph Edward Brady, individually and doing business as Joseph Edward Brady, P.C., and Joseph Edward Brady, P.C., appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated May 4, 2001, which granted the motion of the third-party defendant, Robert T. Fuchs, for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

Joseph Edward Brady, an attorney, was retained to prosecute the plaintiff's wrongful death action, and to handle the Surrogate's Court proceeding regarding the decedent's estate. The plaintiff, who is the decedent's sister, became dissatisfied with Brady's representation, and retained Robert T. Fuchs to handle the Surrogate's Court proceeding. The plaintiff subsequently commenced a legal malpractice action against Brady on the ground that he failed to prosecute the wrongful death action. Brady impleaded Fuchs for indemnification and contribution. The Supreme Court granted Fuchs' motion for summary judgment dismissing the third-party complaint. We affirm.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320;

*Zuckerman v City of New York,* 49 NY2d 557). Fuchs established that he was not retained by the plaintiff until after expiration of the statute of limitations on the wrongful death action. Thus, Fuchs demonstrated the absence of a triable issue of fact with respect to Brady's claim for indemnification and contribution. In opposition, Brady failed to raise a triable issue of fact. Therefore, the Supreme Court correctly granted Fuchs' motion for summary judgment. S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.