■ DIANE WILSON, Plaintiff, v KEVIN J. QUARANTA, Defendant and Third-Party Plaintiff-Appellant. FINKELSTEIN & PARTNERS, et al., Third-Party Defendants-Respondents. [795 NYS2d 532]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), entered June 30, 2004, dismissing the third-party complaint, and bringing up for review an order which, in an action for legal malpractice, granted the motion of third-party defendant legal malpractice insurer (CIC) for summary judgment declaring that it is not required to defend or indemnify defendant and third-party plaintiff attorney (Quaranta) in the main action, and also granted the motion of third-party defendant successor attorney (Finkelstein) for summary judgment dismissing Quaranta's claims for contribution and indemnity, unanimously modified, on the law, to vacate the dismissal of the action as against CIC and to substitute therefor a declaration that CIC is not obligated to defend or indemnify Quaranta in the main action, and otherwise affirmed, without costs.

The motion court correctly held that CIC has no obligation to defend or indemnify Quaranta in the main action on the ground that Quaranta failed to give CIC notice of plaintiff's potential malpractice claim against him as soon as practicable, as the policy required. Uncontroverted evidence establishes that, for at least 8½ months before he gave CIC notice of plaintiff's malpractice claim, Quaranta could not have had a reasonable belief that plaintiff would not or could not assert a malpractice claim against him (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 584-585 [1998]) based on his untimely filing of a notice of plaintiff's personal injury claim against the City that inaccurately set forth the place of injury. Quaranta should have given CIC notice of the potential malpractice claim no later than the time he learned of the court's denial of his application to amend and deem timely plaintiff's notice of claim against the City, which the City had rejected as untimely. At that point, Quaranta, who had been discharged by plaintiff even before he made such application, could no longer reasonably believe that a malpractice claim would not be asserted against him, and his subsequent 8½-month delay in notifying CIC of the potential claim was unreasonable as a matter of law. We reject Quaranta's argument that, until he was advised of plaintiff's intent to sue him for malpractice, it was reasonable for him to delay giving CIC notice of the potential malpractice claim while plaintiff could still take an ap-

peal from the adverse order concerning her notice of claim against the City (*see Bellefonte Ins. Co. v Albert*, 99 AD2d 947, 948-949 [1984]).

Contrary to Quaranta's further argument, his untimely notice of the malpractice claim negates coverage whether or not the delay caused CIC any prejudice, as the Court of Appeals recently reiterated (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332 [2005]). Nor is there any merit to Quaranta's argument that the notice of the malpractice claim subsequently given to CIC by plaintiff's malpractice attorney was timely under Insurance Law § 3420 (*see Ringel v Blue Ridge Ins. Co.*, 293 AD2d 460 [2002]).

The motion court also correctly granted the cross motion by Finkelstein, the firm that succeeded Quaranta as plaintiff's attorney, for summary judgment dismissing the third-party complaint as against it. Since plaintiff did not retain Finkelstein until after the statute of limitations had already expired on her personal injury claim against the City, Finkelstein's conduct did not contribute to the loss of that claim, and there is no basis for requiring Finkelstein to absorb any liability that may ultimately be imposed on Quaranta for such loss (*see Lifshitz v Brady*, 298 AD2d 437 [2002]). In any event, the record establishes that Finkelstein did not commit any malpractice.

We modify only to declare in CIC's favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Concur—Tom, J.P., Mazzarelli, Andrias and Friedman, JJ.