JAMES F. McKAY III, Judge.
 

 Lin this legal malpractice action, the plaintiffs, Kirsten Guy and Brittany Johnson, appeal the trial court’s maintaining of an exception of no cause of action filed by the defendants, Gary S. Brown, Robert T. Weimer, IV, and Gary S. Brown, LLC, and the dismissal of their lawsuit. We affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On May, 12, 2000, John Johnson, Jr. was a patient at Tulane Medical Center. He allegedly made certain complaints on that date to a nurse who allegedly did not document his complaints or notify a physician. Hours later, Mr. Johnson suffered the onset of paraplegia. Thereafter, Mr. Johnson and his wife, Desiree Johnson, filed a medical malpractice claim against the nurse and Tulane.
 
 [1]
 
 On August 21, 2008, Mr. Johnson died. His wife then amended her lawsuit to assert a claim for wrongful death.
 

 Sometime after August 21, 2008, Kirsten Guy retained the law firm of Gary Brown, LLC to represent her in establishing her filiation to John Johnson, Jr., as her biological father in Orleans Parish. This action was successful. On April 7, |22009, Ms. Guy and Brittany Johnson retained the law firm of Gary S. Brown, LLC and attorneys Gary S. Brown and Robert T. Weimer, IV to represent their interests as heirs of John Johnson, Jr. in their father’s succession. On September 22, 2009, Kirsten Guy was appointed administratrix of her father’s succession in
 
 the matter of the Succession of John Johnson, Jr.
 

 [2]
 

 However, Desiree Johnson, the surviving spouse, filed a separate petition for possession in the 19th Judicial District Court.
 
 [3]
 
 This was done on her behalf by attorney, Paul Sterbcrow. Desiree Johnson’s petition for possession prayed for judgment recognizing the surviving spouse and recognizing that half of Mr. Johnson’s estate belongs to his child from a previous marriage, Brittany Johnson. A judgment of possession was signed on September 28, 2009. Neither Mr. Brown, nor Mr. Sterbcrow was aware of the actions taken by the other.
 

 
 *706
 
 At some point, a misunderstanding arose between Kirsten Guy and Brittany Johnson with Mr. Brown. Mr. Brown believed that he and his law firm were hired to represent Ms. Guy’s and Ms. Johnson’s interests in the succession of their father. However, Ms. Guy and Ms. Johnson believed that this also included the filing of a wrongful death claim/medical malpractice action. Based on this misunderstanding and a potential conflict of interest in representing both Ms. Guy and Ms. Johnson, Mr. Brown withdrew as counsel of record in February of 2010.
 

 Ms. Guy and Ms. Johnson allege that Mr. Brown and his law firm negligently failed to file a wrongful death action within one year of Mr. Johnson’s |sdeath, causing them to lose all rights to recover damages they sustained from their father’s death. On April 5, 2010, Ms. Guy and Ms. Johnson instituted a legal malpractice claim against Mr. Brown and his law firm. On June 8, 2010, the defendants filed exceptions of no cause of action and prematurity. A hearing was held on the exceptions on August 12, 2010; on November 12, 2010, the trial court granted the exception of no cause of action and dismissed the plaintiffs’ lawsuit, with prejudice. It is from this judgment that plaintiffs now appeal.
 

 DISCUSSION
 

 On appeal, the plaintiffs raise the following assignments of error: 1) the trial court erred in granting defendants’ exception of no cause of action and dismissing plaintiffs’ legal malpractice claims on the basis that the plaintiffs’ claims for the wrongful death of their father, caused by medical malpractice, were prescribed eight years before he died; 2) the trial court erred in holding that La. R.S. 9:5628(A) controls the period of time by which a suit for wrongful death involving medical malpractice must be filed; and 3) the trial court erred in holding that
 
 Warren v. Louisiana Medical Mutual Insurance Co.,
 
 2007-0492 (La.12/2/08), 21 So.3d 186
 
 (rehearing granted
 
 2/13/09) impliedly overruled the Louisiana Supreme Court’s decision of
 
 Taylor v. Giddens,
 
 618 So.2d 834 (La.1993), which expressly held that the correct time period during which a medical malpractice suit must be filed is controlled by La. C.C. art. 3492 — the one year period applicable to delictual wrongful death actions.
 

 In
 
 Warren v. Louisiana Medical Mutual Insurance Co.,
 
 2007-0492 (La.12/2/08), 21 So.3d 186
 
 (rehearing granted
 
 2/13/09), the Louisiana Supreme Court dealt with the issue as to whether or not the provisions of La. C.C.P. art. 1153 allowed for a plaintiff’s belated wrongful death claims to relate back to the timely filed claim by other plaintiffs with similar claims, avoiding prescription of the belated claim. In
 
 Warren,
 
 the Supreme Court re-emphasized that medical malpractice claims are strictly governed by the prescriptive and peremptive periods set forth in La. R.S. 9:5628. That statute reads in part:
 

 A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from
 
 *707
 
 the date of the alleged act, omission, or neglect.
 

 B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
 

 C. The provisions of this Section shall apply to all healthcare providers listed herein or defined in R.S. 40:1299.41 ...
 

 La. R.S. 9:5628.
 

 In the instant case, the alleged act, omission, or neglect occurred at Tulane Medical Center on May, 12, 2000. Ms. Guy and Ms. Johnson did not file a claim or lawsuit within one year of the act, omission, or neglect, nor did they do so within three years of the act, omission or neglect. Therefore, by the time they contacted Mr. Brown sometime after August 21, 2008, any claims they had against |fiany healthcare provider were forever prescribed. The defendants cannot be held hable for claims that prescribed prior to their representation of the plaintiffs began in 2008. The plaintiffs’ reliance upon
 
 Taylor v. Giddens,
 
 618 So.2d 834 (La.1993) is misplaced. Accordingly, we find no error in the trial court’s judgment.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the trial court’s maintaining of the defendants’ exception of no cause of action.
 

 AFFIRMED
 

 [1]
 

 . Case No. 04-2500
 

 [2]
 

 . No. P89931, Section 23, 19th Judicial District Court, Parish of East Baton Rouge.
 

 [3]
 

 . No. 89331.