■ PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD, Respondent, v STEVEN LEVITSKY et al., Appellants. [973 NYS2d 78]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered February 11, 2013, which granted plaintiff insurer's motion for summary judgment declaring that it was not obligated to defend or indemnify defendants, unanimously affirmed with costs.

The insurance policy at issue contains three notice provisions: one requiring notice of "any" circumstances which "may" give rise to a claim; a second, separate notice provision if a claim does result; and a third provision related to notice allowing an insured to "lock in" coverage for a circumstance that occurs during the policy period, even if the resulting claim doesn't occur until after the policy period has ended. The notice of circumstance clause and the notice of claim clause, which are each independent conditions precedent to coverage, are unambiguous (see *Sirignano v Chicago Ins. Co.*, 192 F Supp 2d 199, 202 [SD NY 2002]; *Bellefonte Ins. Co. v Eli D. Albert, P. C.*, 99 AD2d 947, 948 [1st Dept 1984]).

Defendants failed to comply with the notice of circumstance clause in a timely fashion. The motion court correctly found that defendants became aware of circumstances which may give rise to a claim in October 2006, either when the defendant in the underlying action answered the complaint, denying ownership of the premises, or six days later, when the statute of limitations expired and defendants had failed to join the owner of the premises on which their client was injured. Even if the answer was ambiguous, defendants were aware of circumstances which may give rise to a claim no later than December 2007, when Wilmorite, Inc.'s representative testified during a deposition that Great Eastern and not Wilmorite, Inc. was the owner of the premises.

Despite these circumstances, defendants did not notify plaintiff as to the potential claim until August 2008, after their client's case was dismissed. Defendants' argument that the notice of circumstance clause was triggered, at the earliest, when the firm or attorney received an unfavorable ruling from the trial court is unavailing, because the expiration of the statute of

limitations, under the circumstances here present, provided a reasonable expectation that a malpractice claim might be filed (*see United Natl. Ins. Co. v Granoff, Walker & Forlenza, P.C.,* 598 F Supp 2d 540, 549 [SD NY 2009]; *cf. Bellefonte,* 99 AD2d at 948).

Equally unavailing is defendants' claim that untimely notice should be excused based on their reasonable belief of non-liability (*see SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.,* 253 AD2d 583, 584 [1st Dept 1998]). In any event, defendants' good faith basis for nonliability after December 2007, was not reasonable. Defendants' own evidence established that the defendant sued as the alleged owner of the property was not independently liable under Labor Law §§ 240 and 241 and was not united in interest with the real owner of the property (*see Rowland v Wilmorite, Inc.,* 68 AD3d 1770, 1771 [4th Dept 2009]).

The motion to change venue was properly denied as moot. Concur—Mazzarelli, J.P., Andrias, Freedman and Gische, JJ. **[Prior Case History: 2013 NY Slip Op 30273(U).]**