NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DAWN WALLSCHLAEGER, *Plaintiff/Appellant*,

*v.*

THE HOGLE FIRM, PLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0511
FILED 4-18-2023

Appeal from the Superior Court in Maricopa County
No.  CV2021-010314
The Honorable Sally Schneider Duncan, Judge, *Retired*

**AFFIRMED**

COUNSEL

Law Offices of Stewart F. Gross, PLLC, Phoenix
By Stewart F. Gross
*Counsel for Plaintiff/Appellant*

Bueler Jones, LLP, Chandler
By Gordon S. Bueler
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

---

**K I L E Y**, Judge:

¶1　　　　Dawn Wallschlaeger appeals from the dismissal of her professional negligence claim against Michael J. Ward and the Law Offices of Michael J. Ward, PLC (collectively, "Ward") arising out of Ward's representation of her in a prior suit (the "Underlying Case") against the Mesa Public School District (the "District"). Because Wallschlaeger cannot, as a matter of law, establish that Ward's actions caused or contributed to the unsuccessful outcome of the Underlying Case, we hold that the superior court correctly dismissed her professional negligence claim.

### FACTS AND PROCEDURAL HISTORY

¶2　　　　The allegations in the operative complaint, accepted as true for purposes of this appeal, *see Blankenbaker v. Marks*, 231 Ariz. 575, 577, ¶ 6 (App. 2013), establish that in September 2018, Wallschlaeger fell and was injured while on the premises of one of the District's schools. Shortly thereafter, Wallschlaeger retained the Hogle Firm, PLC ("Hogle") to represent her in a personal injury action against the District. Hogle prepared a notice of claim and served it on a District employee, Karen Turner, on March 4, 2019. When Turner notified Hogle that she was not authorized to accept service on the District's behalf, Hogle took no action to cure the defect by serving the appropriate District official.

¶3　　　　Two months later, Hogle filed the Underlying Case. In its answer, the District denied liability and asserted, as an affirmative defense, that Wallschlaeger "did not comply with Arizona's Notice of Claim statute."

¶4　　　　Several months later, in December 2019 or January 2020, Ward associated with Hogle as co-counsel for Wallschlaeger. At approximately the same time, the superior court administration issued an order that the Underlying Case would be dismissed without further notice on or after February 24, 2020 unless one of five events occurred, one of

which was the parties' filing of a Joint Report and Proposed Scheduling Order.

**¶5**         The Underlying Case was administratively dismissed after the February 24, 2020 deadline passed with none of the five events having occurred. A few days later, Ward sent an email to the District's counsel admitting responsibility for the failure to file the parties' Joint Report and Proposed Scheduling Order by the deadline.

**¶6**         Ward and Hogle filed a motion to reinstate the Underlying Case. The superior court denied the motion, holding that, while "a credible argument could be made that at the outset [Wallschlaeger] had a factually meritorious case," her failure to comply with A.R.S. § 12-821.01 rendered the Underlying Case "meritless."

**¶7**         Wallschlaeger then brought this action for professional negligence against Hogle and Ward. Ward moved to dismiss on the grounds that Wallschlaeger "cannot establish that Ward caused her any damages" because the Underlying Case "was fatally compromised months before Ward was ever involved." Ward explained that the superior court denied the motion to reinstate the Underlying Case due to Hogle's failure to serve the notice of claim on the District in the manner prescribed in A.R.S. § 12-821.01, a failure that predated Ward's involvement in the case.

**¶8**         In response, Wallschlaeger asserted that the Underlying Case was dismissed due to Ward's failure to file timely the Joint Report and Proposed Scheduling Order. Hogle's prior noncompliance with A.R.S. § 12-821.01 was irrelevant, she asserted, because, "[b]y all objective appearances," the District "was going to waive the [noncompliance] defense" anyway.

**¶9**         The superior court granted Ward's motion to dismiss and entered final judgment pursuant to Arizona Rule of Civil Procedure ("Rule") 54(b). Wallschlaeger now appeals. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶10**         Dismissal under Rule 12(b)(6) is only appropriate if, as a matter of law, the plaintiff "would not be entitled to relief under any interpretation of the facts susceptible to proof." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012).

¶11     To establish a claim for professional negligence against an attorney, the plaintiff must prove

> (1) the existence of an attorney-client relationship which imposes a duty on the attorney to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession, (2) breach of that duty, (3) that such negligence was a proximate cause of resulting injury, and (4) the fact and extent of the injury.

*Phillips v. Clancy*, 152 Ariz. 415, 418 (App. 1986). Causation is thus an essential element of a legal malpractice claim. *See id.*

¶12     "A defendant's acts are the proximate cause of a plaintiff's injury only if they are a substantial factor in bringing about the harm." *Grafitti-Valenzuela ex rel. Grafitti v. City of Phoenix*, 216 Ariz. 454, 460, ¶ 21 (App. 2007). To establish that an attorney's negligence in handling litigation was a proximate cause of injury, the plaintiff must prove that he or she would have prevailed in the underlying suit "but for the attorney's negligence." *Phillips*, 152 Ariz. at 418. Hence, causation is necessarily lacking if the plaintiff had already sustained the complained-of injury before the defendant attorney committed a negligent act. *See Salica v. Tucson Heart Hosp.—Carondelet, L.L.C.*, 224 Ariz. 414, 418, ¶ 13 (App. 2010) ("A 'proximate cause' is defined as that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred.") (cleaned up); *see also* Restatement (Second) of Torts § 432(1) (1965) (stating negligence "is not a substantial factor in bringing about harm to another if the harm would have been sustained even if the actor had not been negligent").

¶13     Under A.R.S. § 12-821.01, "no action may be maintained when a plaintiff has failed to file a timely, sufficient notice of claim, including all elements required by law, *with a person authorized . . . to accept service for the defendant agency.*" *State Comp. Fund v. Superior Ct.*, 190 Ariz. 371, 376 (App. 1997) (emphasis added). Hogle's failure to comply with A.R.S. § 12-821.01 thus left Wallschlaeger without a valid claim against the District. *See Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 530-31, ¶¶ 30, 35 (2006) (affirming summary judgment in favor of defendant county because plaintiffs "did not properly serve" notice of claim on person authorized to accept service). Because Wallschlaeger's claim was already barred by A.R.S. § 12-821.01 before Ward undertook representation of her, she cannot establish that the Underlying Case would have been successful "but for"

Ward's subsequent failure to prevent the administrative dismissal of that case.

¶14 Wallschlaeger does not dispute that Hogle failed to properly serve a notice of claim on the District, nor does she deny that Ward joined the case too late to cure the defective service. She insists, however, that a "deficient notice of claim is not the death knell to a [p]laintiff's case." Noting that a noncompliance defense may be waived under certain circumstances, Wallschlaeger argues that the superior court erred by ignoring "the very real possibility" that the District would have waived its noncompliance defense in the Underlying Case. She explains that, up until the administrative dismissal of the Underlying Case, the District hadn't filed a motion to dismiss for noncompliance with A.R.S. § 12-821.01 or indicated that such a motion was forthcoming. Further, she notes that her expert witness opined that "[h]ad the lawsuit not been dismissed for the failure to timely file the Joint Report and Scheduling Order . . . the [l]awsuit likely would have proceeded in the normal course." Wallschlaeger contends that the superior court "exceed[ed] [its] authority" by determining that she "could not prove causation" as a matter of law. Instead, she concludes, a jury should have been permitted to determine whether the District would have waived its noncompliance defense, and, if so, whether Ward's failure to prevent the administrative dismissal of the Underlying Case was a proximate cause of the Underlying Case's unsuccessful outcome.

¶15 Causation cannot be left "to the jury's speculation," *Salica*, 224 Ariz. at 419, ¶ 16, and nothing but speculation supports Wallschlaeger's assertion that the District might have waived its noncompliance defense had the Underlying Case not been administratively dismissed. Clearly, the District did not overlook the defense. It asserted the defense in its answer in the Underlying Case. Moreover, in the draft Joint Report that the parties' attorneys prepared in February 2020, counsel for the District added a statement that the District "affirmatively asserts that Plaintiff failed to timely comply with the notice of claim statute."

¶16 Wallschlaeger contends that, although the District asserted the noncompliance defense in its answer in the Underlying Case, it could still have "waive[d] the defense by subsequent conduct."

¶17 A noncompliance defense may be waived if "the defendant has taken substantial action to litigate the merits of the claim." *City of Phoenix v. Fields*, 219 Ariz. 568, 575, ¶ 30 (2009) (cleaned up). In *Fields*, for example, the court found that the city waived its noncompliance defense by engaging in discovery and motion practice unrelated to the notice of claim

issue for four years before finally asserting the noncompliance defense in a motion for summary judgment. *Id.* at ¶ 31. Similarly, in *Jones v. Cochise County*, 218 Ariz. 372 (App. 2008), the court found that the county waived its noncompliance defense by failing to assert the defense in its answer and by "actively litigat[ing] the case" on its merits, "including [by] engaging in discovery and participating in depositions." *Id.* at 378, 381, ¶¶ 21, 29.

¶18        Here, however, the record does not indicate that the District engaged in any discovery or motion practice on the merits of Wallschlaeger's claim. On the contrary, the record indicates that, prior to the administrative dismissal of the Underlying Case, the District engaged in no litigation activity other than filing its answer (in which it asserted the noncompliance defense) and participating in the preparation of the parties' Joint Report and Proposed Scheduling Order (in which, again, the District asserted its noncompliance defense). The District cannot be said to have actively litigated the Underlying Case so as to waive its noncompliance defense.

¶19        The mere possibility that, had the Underlying Case not been dismissed, the District might have subsequently waived its noncompliance defense by engaging in litigation on the merits of Wallschlaeger's claim is too speculative to establish that her claim was viable at the time of the administrative dismissal. *See Grafitti-Valenzuela*, 216 Ariz. at 460, ¶ 21 ("The mere possibility of causation is not enough."); *see also Cecala v. Newman*, 532 F. Supp. 2d 1118, 1137 (D. Ariz. 2007) ("Determining what 'could have' or 'might have' been decided in the underlying action is speculative and . . . not sufficient for sustaining causation[.]") (cleaned up).

¶20        Even if the Underlying Case had not been dismissed and the District proceeded to waive its case-dispositive affirmative defense, any recovery Wallschlaeger received in the Underlying Case would have been a windfall. *See Slovensky v. Friedman*, 49 Cal. Rptr. 3d 60, 63, 67 (Cal. Ct. App. 2006) (affirming summary judgment in favor of defendant attorneys where "the statute of limitations had run on" Slovensky's claim "before she consulted defendants," and so she could not establish she was harmed by the purportedly insufficient settlement because "she was not legally entitled to recover anything at all"). Because "the issue in [a] malpractice case is what the outcome *should* have been if the issue had been properly presented," *Cecala*, 532 F. Supp. 2d at 1136, Wallschlaeger's loss of a chance to recover a windfall in the Underlying Case does not state a valid claim for legal malpractice, *see Slovensky*, 49 Cal. Rptr. 3d at 67 ("Because plaintiff's claim was time-barred on the day she filed it, . . . the settlement [her attorneys] obtained for her was a windfall" and her attorneys' "alleged

malpractice did not damage her."); *see also Sobieski v. Am. Standard Ins. Co. of Wis.*, 240 Ariz. 531, 536, ¶ 17 (App. 2016) ("A damage award . . . must be based on more than mere speculation or conjecture.") (cleaned up).

**¶21** Arizona courts treat the notice of claim statute as "analogous to a statute of limitations." *Pritchard v. State*, 163 Ariz. 427, 433 (1990). The analogy is apt here; in considering Ward's liability for Wallschlaeger's lack of success in the Underlying Case, we find instructive case law addressing an attorney's liability for professional negligence in handling a claim barred by a limitations statute.

**¶22** A limitations defense, like a noncompliance defense, is an affirmative defense that may be waived if not timely asserted. *See Osuna v. Wal-Mart Stores, Inc.*, 214 Ariz. 286, 290, ¶ 11 n.4 (App. 2007) ("The statute of limitations . . . is not jurisdictional. Thus, if a party fails to raise it as an affirmative defense, it is waived.").

**¶23** Numerous courts have nonetheless held as a matter of law that an attorney cannot be liable for malpractice for failing to file suit on a time-barred claim if the attorney was not retained until after expiration of the limitations period. *Bartlett v. Hugo & Pollack, LLP*, No. 503CV0384NAMGJD, 2005 WL 1458245, at *3 (N.D.N.Y. June 16, 2005) (mem. decision) ("It is a well-established principle of law that an attorney who fails to file a claim as to which the statute of limitations had expired before the client hired the attorney is not liable for legal malpractice."); *see also Guy v. Brown*, 67 So. 3d 704, 707 (La. Ct. App. 2011) (affirming dismissal of legal malpractice claim against attorney who was not retained until after limitations period had expired because "[t]he defendants cannot be held liable for claims that prescribed [*i.e.*, became time-barred] prior to their representation of the plaintiffs"); *Lefebvre v. James*, 697 So. 2d 918, 920 (Fla. Dist. Ct. App. 1997) (holding that trial court erred in denying defendant attorney's motion for directed verdict in legal malpractice case that was based on attorney's failure to seek leave to amend complaint to add new cause of action, where new cause of action "would have been barred by the statute of limitations" anyway).

**¶24** We are aware of no case holding that an attorney who was not retained until after the limitations period had run could *still* be liable for subsequent professional negligence on the theory that, had the attorney filed the time-barred claim, the defendant might have waived its limitations defense. On the contrary, courts that have addressed this issue have found causation lacking as a matter of law if the plaintiff's claim was already time-barred before the attorney was retained. *See McCluskey v. Womack*, 470

N.W.2d 443, 447 (Mich. Ct. App. 1991) (affirming dismissal of malpractice claim brought by plaintiffs who "did not retain defendant [attorney] until after the limitation period applicable to their underlying claim had expired," reasoning that "regardless of what specific acts or omissions were alleged . . . [plaintiffs'] legal malpractice claim must fail, because they cannot prove their alleged damages were caused by defendant.").

¶25 Just as the mere possibility a limitations defense could be waived is an insufficient basis on which to impose liability on an attorney for failing to assert successfully a time-barred claim, the mere possibility that the District might have waived its noncompliance defense is an insufficient basis on which to impose liability on Ward. *See Cecala*, 532 F. Supp. 2d at 1137 (stating that in legal malpractice suits, the appropriate arbiter must "determine what the result *should* have been, not what it could have been") (cleaned up).

¶26 Wallschlaeger argues that dismissing her claim against Ward due to Hogle's prior case-dispositive error would be tantamount to finding Ward "immune from any punishment for negligent conduct." According to Wallschlaeger, allowing "incoming attorneys [to] negligently handle a case" without consequence "just because their predecessor counsel made mistakes" is "bad public policy."

¶27 Professionals who assume responsibility for a case after it has been mishandled are, of course, accountable for their own actionable negligence. *See Barmat v. John & Jane Doe Partners A-D*, 165 Ariz. 205, 211 (App. 1990) ("Regardless of the conduct of [former attorney and law firm]," successor counsel's actions were "the superseding proximate cause of" harm to plaintiff); *see also Holland v. Thacher*, 245 Cal. Rptr. 247, 250 (Cal. Ct. App. 1988) (reasoning that a "successor attorney's responsibility for the [plaintiff] client's injury" may reduce the exposure of the former attorney in a malpractice case "through application of comparative fault principles"). To be actionable, however, the professional's negligence must have caused or substantially contributed to the plaintiff's damages. *Phillips*, 152 Ariz. at 418. A negligent act by an attorney after a case-dispositive error by prior counsel cannot be said to have caused or contributed to the plaintiff's loss. *See McCluskey*, 470 N.W.2d at 447; *see also Lifshitz v. Brady*, 748 N.Y.S.2d 605, 606 (N.Y. App. Div. 2002) (holding that attorney could not be liable for malpractice when "he was not retained by the plaintiff until after expiration of the statute of limitations" on the underlying claim). Therefore, Ward cannot be the cause of Wallschlaeger's injuries in the Underlying Case, and Wallschlaeger's claim against Ward is not actionable.

**CONCLUSION**

**¶28** For the foregoing reasons, we affirm the superior court's judgment dismissing Wallschlaeger's professional negligence claim against Ward.

