■ KERLENE PEDRO, Appellant-Respondent, v GLENROY WALKER et al., Defendants, and JOSHUA N. BLEICHMAN, Respondent-Appellant. [847 NYS2d 666]—In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 29, 2005, as granted that branch of the motion of the defendant Joshua N. Bleichman which was for summary judgment dismissing the complaint insofar as asserted against him, and the defendant Joshua N. Bleichman cross-appeals from so much of the same order as denied that branch of his motion which was for the imposition of sanctions against the plaintiff and/or her counsel.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the motion of the defendant Joshua N. Bleichman which was for summary judgment dismissing the complaint insofar as asserted against him is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

To prevail on a claim of legal malpractice, "a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused [the] plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman,* 99 NY2d 295, 301-302 [2002]; *see Barnett v Schwartz,* 47 AD3d 197 [2007]; *Porello v Longworth,* 21 AD3d 541 [2005]; *Dimond v Kazmierczuk & McGrath,* 15 AD3d 526, 527 [2005]; *Ippolito v McCormack, Damiani, Lowe & Mellon,* 265 AD2d 303 [1999]). For a defendant in a legal malpractice case to prevail on a motion for summary judgment, he or she must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of the above-cited essential elements (*see Ippolito v McCormack, Damiani, Lowe & Mellon,* 265 AD2d 303 [1999]; *Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572 [1999]).

Here, the Supreme Court erred in granting that branch of the motion of the defendant Joshua N. Bleichman which was for summary judgment dismissing the complaint insofar as asserted against him. Bleichman failed to make a prima facie showing of entitlement to judgment as a matter of law since he failed to show that the plaintiff was unable to prove at least one of the essential elements of her legal malpractice cause of action. Thus, we need not address the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

Bleichman's remaining contentions are without merit. Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.