■ KATHLEEN VELIE et al., Appellants, v ELLIS LAW, P.C., et al., Respondents. [854 NYS2d 137]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 20, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff Kathleen Velie allegedly was injured when she slipped and fell on ice in the parking lot at her place of employment. The plaintiffs contend, inter alia, that the defendants, their former attorneys, committed legal malpractice by failing to timely commence a negligence action against the snow removal contractors.

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that the defendant attorney failed to exercise "the ordinary reasonable skill and knowledge commonly possessed by a member of the legal community, and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]; *see Simmons v Edelstein*, 32 AD3d 464 [2006]; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082 [2005]). To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements (*see Town of N. Hempstead v Winston & Strawn, LLP*, 28 AD3d 746 [2006]; *Linder v Dranoff*, 22 AD3d 812 [2005]; *Dimond v Kazmierczuk & McGrath*, 15 AD3d 526 [2005]; *Ostriker v Taylor, Atkins & Ostrow*, 258 AD2d 572 [1999]).

The Supreme Court erroneously granted the defendants' motion for summary judgment dismissing the complaint. The defendants failed to sustain their prima facie burden of demonstrating that the plaintiffs were unable to prove one of the essential elements of their malpractice cause of action (*see Suydam v O'Neill*, 276 AD2d 549 [2000]; *Shopsin v Siben & Siben*, 268 AD2d 578 [2000]). Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.