■ ALAN BIRNBAUM, Appellant, v JAMES MISIANO et al., Respondents. [861 NYS2d 711]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Spinola, J.), dated February 20, 2007, which granted the motion of the defendants James Misiano, Misiano & Shulman, and Misiano, Shulman, Capetola & Kessler, LLP, and the

separate motion of the defendant Steven Shulman, for summary judgment dismissing the complaint, and denied his cross motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motions for summary judgment dismissing the complaint and substituting therefor a provision denying those motions; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendants appearing separately and filing separate briefs.

Beginning in the late 1990's, the defendant attorney James Misiano represented the plaintiff Alan Birnbaum with respect to loans Birnbaum made, or was planning to make, to others. In 2002, on behalf of Michael Seeger, whom Misiano knew socially and also had represented, Misiano contacted Birnbaum to arrange a loan from Birnbaum to Seeger. As collateral for the $14,000 loan, Seeger provided three watches; Misiano prepared the loan documents, including a pledge agreement, but he did not suggest to Birnbaum that he have the watches appraised. Over a period of 21 months, Birnbaum made a series of loans to Seeger, totaling a principal amount in excess of $215,000. With respect to a $25,000 loan made in March 2003, Seeger provided a fourth watch, and Misiano prepared the loan documents. Again, Misiano did not recommend to Birnbaum that he obtain an appraisal for the watch. Subsequent loans were supposedly secured by various bank accounts, which allegedly proved to be fictitious. The watches were virtually worthless.

In December 2004 Birnbaum commenced this action against Misiano and his law partners to recover damages for legal malpractice in connection with Misiano's representation of Birnbaum on the Seeger loans. After discovery was completed, the defendants moved for summary judgment dismissing the complaint. The defendants' sole contention was that, assuming Misiano failed to exercise the proper level of skill and knowledge, Birnbaum would be unable to prove that the deficient representation was the proximate cause of Birnbaum's damages. Specifically, the defendants argued that, inasmuch as Birnbaum had not obtained a judgment against Seeger that had been returned unsatisfied, Birnbaum could not prove that Misiano's deficient representation proximately caused him to incur damages. Birnbaum cross-moved for summary judgment on the complaint. The Supreme Court granted the defendants' motions and denied Birnbaum's cross motion. We modify.

To prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant did not

"exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of that duty proximately caused the plaintiff to sustain actual and ascertainable damages" (*Carrasco v Pena & Kahn,* 48 AD3d 395, 396 [2008]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]; *Erdman v Dell,* 50 AD3d 627 [2008]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d at 442). A defendant moving for summary judgment in a legal malpractice action must, therefore, establish prima facie that the plaintiff cannot prove at least one essential element of the claim (*see Levy v Greenberg,* 19 AD3d 462 [2005]). Here, the defendants argue that even if Misiano failed to exercise the requisite level of skill and knowledge, Birnbaum offered no evidence that the debt owed him by Seeger was now uncollectible, and therefore Birnbaum will be unable to establish that any deficient representation by Misiano proximately caused actual and ascertainable damages. We disagree.

On the malpractice claim, Birnbaum has the burden of establishing that Misiano's failure to exercise the requisite level of skill and knowledge was the proximate cause of any damages, and we cannot say on this record that Birnbaum's failure to bring an action against Seeger means that Birnbaum will be unable to establish proximate cause. Consequently, the defendants' motion for summary judgment dismissing the complaint should have been denied (*see Velie v Ellis Law, P.C.,* 48 AD3d 674 [2008]; *Pedro v Walker,* 46 AD3d 789, 790 [2007]). Moreover, as there are triable issues of fact regarding Birnbaum's claim against the defendants, Birnbaum's cross motion for summary judgment on the complaint was properly denied (*see Hearst v Hearst,* 50 AD3d 959 [2008]). Fisher, J.P., Ritter, Florio and Carni, JJ., concur.