■ CAROLE MUELLER, Respondent, v JOSEPH B. FRUCHTER et al., Appellants. [894 NYS2d 915]—In an action to recover damages for legal malpractice, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 14, 2008, as denied that branch of their motion which was for summary judgment dismissing the plaintiff's first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442). "For a defendant in a legal malpractice action to succeed on a motion for summary judgment, evidence must be submitted in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements" (*Shopsin v Siben & Siben*, 268 AD2d 578, 578 [2000]; *see Eisenberger v Septimus*, 44 AD3d 994 [2007]).

Here, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's first cause of action (*see Rosenstrauss v Jacobs & Jacobs*, 56 AD3d 453, 454 [2008]; *Velie v Ellis Law, P.C.*, 48 AD3d 674, 675 [2008]; *Pedro v Walker*, 46 AD3d 789, 790 [2007]). The defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law since they failed to show that the plaintiff was unable to prove at least one of the essential elements of her legal malpractice cause of action (*see Rosenstrauss v Jacobs & Jacobs*, 56 AD3d at 454; *Velie v Ellis Law, P.C.*, 48 AD3d at 675; *Pedro v Walker*, 46 AD3d at 790). Thus, we need not address the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.