(April 19, 2011)

■ LOUKRICIA BELLS, Also Known as LOUKRICIA EDWARDS, Respondent, v KHARL A. FOSTER, Appellant. [922 NYS2d 124]—

In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Schack, J.), dated April 9, 2010, which granted the plaintiff's motion for summary judgment on the issue of liability and denied his cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability and substituting therefor a provision denying the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, as purchaser, entered into a contract for the sale of certain real property. Under the terms of that contract, she was afforded 45 days to secure a mortgage. In the event that she was unable to do so, she was entitled to cancel the contract prior to the expiration of the 45-day period and recover her down payment. The plaintiff retained the defendant, an attorney, to represent her in the real estate transaction. Ultimately, the sale was not consummated. It is undisputed that the defendant did not cancel the contract of sale on the plaintiff's behalf within the required time period, which had been extended on the consent of the contracting parties. As a result, the seller retained the plaintiff's down payment as liquidated damages. The plaintiff retained new counsel and commenced an action against the sellers to recover her down payment. That action resulted in a settlement, pursuant to which the plaintiff recovered less than the full amount of her down payment. The plaintiff then commenced this action to recover damages for

legal malpractice. After the defendant joined issue, the plaintiff moved for summary judgment on the issue of liability, asserting that the defendant's failure to timely cancel the contract of sale on her behalf constituted legal malpractice as a matter of law. The defendant opposed the plaintiff's motion, and cross-moved for summary judgment dismissing the complaint, asserting, among other things, that the plaintiff, by her own admission, was in breach of the contract of sale, and her own actions were the sole proximate cause of her damages. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.

" 'In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages' " (*Bilin v Segal, Goodman & Goodman, LLP*, 81 AD3d 680, 682 [2011] [internal quotation marks omitted], quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *see McCoy v Feinman*, 99 NY2d 295, 301 [2002]). "To establish causation, 'a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence' " (*Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1018 [2010], quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442).

Here, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law because she failed to demonstrate that any negligence on the defendant's part in failing to timely cancel the contract of sale on her behalf was the sole proximate cause of her damages (*see Snolis v Clare*, 81 AD3d 923 [2011]; *see also Selletti v Liotti*, 22 AD3d 739 [2005]; *compare Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511 [1990]). Accordingly, the Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability.

The Supreme Court properly denied the defendant's cross motion for summary judgment dismissing the complaint. The defendant failed to make a prima facie showing of his entitlement to judgment as a matter of law since he failed to show that the plaintiff was unable to prove at least one of the essential elements of her legal malpractice cause of action (*see Mueller v Fruchter*, 71 AD3d 650, 651 [2010]; *Velie v Ellis Law, P.C.*, 48 AD3d 674, 675 [2008]; *Pedro v Walker*, 46 AD3d 789, 790 [2007]; *Eisenberger v Septimus*, 44 AD3d 994, 995 [2007]; *Shopsin v Siben & Siben*, 268 AD2d 578, 578-579 [2000]). Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.