■ MARIA SABALZA, Respondent, v WILLIAM H. SALGADO, Defendant/Third-Party Plaintiff-Appellant. WILLIAM PAGER ESQ. et al., Third-Party Defendants-Respondents. [924 NYS2d 373]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered June 30, 2010, which denied defendant/third-party plaintiff's motion for summary judgment dismissing the complaint, and granted third-party defendants' motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

Plaintiff alleges that, while grocery shopping at a local supermarket in 1997, she slipped and fell on water and a grape at a soda display, near the produce section. She retained the services of defendant attorney, and he commenced an action for personal injuries in 1998. On May 26, 2003, the action was dismissed based upon the failure of defendant to appear at a compliance conference. On or about May 5, 2004, defendant filed a motion to restore the case to the calendar, but that motion was denied, based upon defendant's failure to appear in support of the motion. On or about March 14, 2005, defendant filed a motion to renew his prior motion to restore plaintiff's action to the court calendar, and that motion was denied on the merits.

Plaintiff alleges that defendant misled her as to the status of her case, screened his calls to avoid speaking with her, and failed to appear for previously scheduled appointments. In August of 2005, plaintiff engaged the services of third-party defendants who, after executing a consent to change attorney in the underlying action, commenced this action for malpractice.

A plaintiff's burden of proof in a legal malpractice action is a heavy one (*Lindenman v Kreitzer*, 7 AD3d 30 [2004]). The plaintiff must first prove the hypothetical outcome of the underlying litigation and, then, the attorney's liability for malpractice in connection with that litigation (*id.* at 34; *Nazario v Fortunato & Fortunato, PLLC*, 32 AD3d 692 [2006]).

However, a defendant seeking dismissal of a malpractice case against him has the movant's burden of making a prima facie showing of entitlement to summary judgment (*see Suppiah v Kalish*, 76 AD3d 829 [2010]). Where the motion is premised on an argument that the plaintiff could not succeed on her claim below, it is defendant's burden to demonstrate that the plaintiff would be unable to prove one of the essential elements of her claim (*see Velie v Ellis Law, P.C.*, 48 AD3d 674 [2008]).

A defendant seeking summary judgment in a slip and fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition, nor had actual or constructive notice of its existence (*see Castillo v New York City Tr. Auth.*, 69 AD3d 487 [2010]). A defendant cannot satisfy its

burden merely by pointing out gaps in the plaintiff's case, and instead must submit evidence concerning when the area was last cleaned and inspected prior to the accident (*see Baptiste v 1626 Meat Corp.*, 45 AD3d 259 [2007]; *Porco v Marshalls Dept. Stores*, 30 AD3d 284 [2006]; *compare Smith v Costco Wholesale Corp.*, 50 AD3d 499 [2008]).

Defendant attorney failed to make a prima facie showing (*see Suppiah*, 76 AD3d at 832; *Velie*, 48 AD3d at 675). He did not submit any evidence, documentary, testimonial or otherwise, concerning C-Town's maintenance procedures, whether or not there were any complaints concerning the conditions, or when C-Town last inspected the area. Since defendant failed to meet his initial burden of establishing a lack of constructive notice as a matter of law, the burden never shifted to plaintiff to establish how long the condition had been in existence (*see Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]).

The motion court was correct in denying defendant's motion to dismiss plaintiff's claim of a violation of Judiciary Law § 487. A cause of action for violation of the Judiciary Law statute related to attorney misconduct is not duplicative of causes of action alleging legal malpractice, since the statutory claim requires an intent to deceive, whereas a legal malpractice claim is based on negligent conduct (*Burke, Albright, Harter & Rzepka, LLP v Sills*, 83 AD3d 1413 [2011]; *Moormann v Perini & Hoerger*, 65 AD3d 1106 [2009]).

The third-party action for contribution or indemnification was also properly dismissed as not viable, since third-party defendants did not share in defendant's responsibility for plaintiff's alleged loss, not having represented her as defendant's successor until after the case had been dismissed and two motions to restore had been denied (*see Rivas v Raymond Schwartzberg & Assoc., PLLC*, 52 AD3d 401 [2008]; *Wilson v Quaranta*, 18 AD3d 324 [2005]). Concur—Saxe, J.P., DeGrasse, Freedman, Abdus-Salaam and Manzanet-Daniels, JJ.