SECOND DEPARTMENT, MAY, 2014

(May 7, 2014)

■ ANTONY M. ANISMAN, Respondent, v PETER M. NISSMAN, Appellant, et al., Defendants. [985 NYS2d 603]—

In an action to recover damages for legal malpractice, the defendant Peter N. Nissman appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered January 16, 2013, which denied his motion for summary judgment dismissing the amended complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

In this action to recover damages for legal malpractice, the defendant Peter N. Nissman contends that the Supreme Court erred in denying his motion for summary judgment dismissing the amended complaint insofar as asserted against him.

The elements of a cause of action sounding in legal malpractice are that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of that duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Stuart v Robert L. Folks & Assoc., LLP*, 106 AD3d 808, 809-809 [2013]; *Bells v Foster*, 83 AD3d 876 [2011]; *Mueller v Fruchter*, 71 AD3d 650 [2010]). To succeed on a motion for summary judgment, the defendant in an action to recover damages for legal malpractice must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of the essential elements of the cause of action (*see Barnave v Davis*, 108 AD3d 582 [2013]; *Bells v Foster*, 83 AD3d at 877; *Mueller v Fruchter*, 71 AD3d at 650; *Dupree v Voorhees*, 68 AD3d 810 [2009]).

The Supreme Court properly denied Nissman's motion for summary judgment dismissing the amended complaint insofar as asserted against him. Nissman failed to show, prima facie, that the plaintiff was unable to prove at least one of the essential elements of his legal malpractice cause of action (*see Bells v Foster*, 83 AD3d at 877; *Mueller v Fruchter*, 71 AD3d at

651; *Pedro v Walker*, 46 AD3d 789, 790 [2007]). Contrary to Nissman's contention, he did not establish that successor counsel had a sufficient opportunity to protect the plaintiff's rights such that Nissman's conduct could not have proximately caused the plaintiff's alleged damages (*see Gelobter v Fox*, 90 AD3d 829, 832 [2011]). Nissman's failure to make such a showing required denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.