■ SHELLY ESPOSITO, as Executrix of JOHN ESPOSITO, Deceased, et al., Appellants, v PAUL J. NOTO, Respondent. [19 NYS3d 300]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Tolbert, J.), entered November 13, 2012, which granted the defendant's motion for summary judgment dismissing the amended complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the amended complaint is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the complaint before a different Justice.

The defendant attorney represented the plaintiffs in connection with the sale of real property, upon which they had operated an auto salvage business, for the sum of $1.9 million. The plaintiffs entered into negotiations with a developer, Ofer Attia, who wanted to build condominiums on the property and adjoining parcels. The deal, as originally contemplated, fixed a purchase price of $2.5 million, and called for Attia to make a cash payment in the sum of $700,000, and for the plaintiffs to take back a purchase money mortgage for the remainder of the purchase price. Over the course of the next two years, the proposed deal was revised so that it became a complicated

equity transaction, pursuant to which the plaintiffs transferred the premises to a limited liability company (hereinafter LLC) created by Attia, of which they were minority members, and, generally, the plaintiffs would be paid the $1.9 million purchase price from the profits of the development, or by December 31, 2009, at the latest, from all sources, while receiving certain consultant fee payments until full payment. The project faltered and the plaintiffs were never paid the purchase price. Another related LLC, which appears to have held the assets of the development project instead of the initial LLC created by Attia, defaulted on a bridge loan, and the premises went into foreclosure. Attia and the related LLC both filed for bankruptcy protection.

The plaintiffs thereafter commenced this legal malpractice action, alleging that the defendant attorney failed to fully explain the transaction and its inherent risks, and should not have recommended continuing with the transaction after it changed to an equity transaction, especially in light of the existence of another all-cash offer for the purchase of the premises. They further alleged that the defendant had an undisclosed conflict of interest, in that he represented Attia and the LLCs with regard to zoning issues, financing, and acquisition of other parcels for the project. They alleged that, but for the defendant's malpractice, they would not have entered into the agreement and would not have lost the property without payment. The defendant moved for summary judgment dismissing the amended complaint, arguing that he was not negligent and, in any event, his advice did not proximately cause the plaintiffs' alleged damages. The Supreme Court granted the motion, and the plaintiffs appeal.

To recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Dawson v Schoenberg*, 129 AD3d 656 [2015]; *Frederick v Meighan*, 75 AD3d 528 [2010]). While a conflict of interest amounting to a violation of the Rules of Professional Conduct does not, in and of itself, amount to malpractice, "liability can follow where the client can show that he or she suffered actual damage as a result of the conflict" (*Tabner v Drake*, 9 AD3d 606, 610 [2004]; *see Boone v Bender*, 74 AD3d 1111 [2010]; *Kaminsky v Herrick, Feinstein LLP*, 59 AD3d 1, 13 [2008]). As relevant here, [t]o establish

causation, a plaintiff must show that he or she . . . would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Blanco v Polanco*, 116 AD3d 892 [2014]; *Barnett v Schwartz*, 47 AD3d 197, 204-205 [2007]).

Here, the defendant established, prima facie, that he did not depart from the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession by submitting his affidavit and a transcript of his deposition testimony to the effect that he fully explained the transaction and its inherent risks to the plaintiffs, who consented to his representation of Attia with regard to the development project. However, in opposition, the plaintiffs submitted an affidavit disputing these facts, thereby raising triable issues of fact regarding whether the defendant breached his duty of care (*see Hearst v Hearst*, 50 AD3d 959, 963 [2008]; *Terio v Spodek*, 25 AD3d 781 [2006]). The Supreme Court erred in rejecting the plaintiffs' submissions based on its determination of their credibility. "The function of the court on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist" (*Bonaventura v Galpin*, 119 AD3d 625, 625 [2014]; *see Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Kolivas v Kirchoff*, 14 AD3d 493 [2005]).

Further, the defendant failed to meet his prima facie burden on the issue of proximate cause. The governmental- and market-related issues which beset the project were the types of risks that were inherent in the transaction, and not a superseding cause of the plaintiffs' alleged damages (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Moreover, we cannot say on this record that the plaintiffs' failure to commence an action against Attia or one of the LLCs means that they will be unable to establish proximate cause (*see Birnbaum v Misiano*, 52 AD3d 632, 634 [2008]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the amended complaint. Under the circumstances of this case, we remit the matter to the Supreme Court, Westchester County, for further proceedings before a different Justice. Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.