Nill v Schneider (2019 NY Slip Op 04392)





Nill v Schneider


2019 NY Slip Op 04392


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-00676
 (Index No. 11455/13)

[*1]Nancy Nill, appellant, 
v
Isabel A. Schneider, respondent, et al., defendant.


William D. Friedman, Hempstead, NY, for appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Amy M. Monahan and James D. Spithogiannis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated November 14, 2016. The order denied the plaintiff's motion, inter alia, for summary judgment on the issue of liability and granted the cross motion of the defendant Isabel A. Schneider for summary judgment dismissing the amended complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
In September 2010, the plaintiff entered into a contract to purchase a one-family home in Stony Brook (hereinafter the subject property) for the sum of $495,000, to be paid in cash. The plaintiff retained the defendant Isabel A. Schneider (hereinafter the defendant) to handle the transaction. The contract required the sellers to deliver a "certificate of occupancy, certificate of existing use or completion . . . for [a] 1 Family dwelling plus deck" prior to the closing. The contract also recited that the plaintiff had inspected the subject property, agreed to take it "as is," and had not relied upon any representations made by the sellers concerning "any matter or thing affecting or relating to the [subject property]." The defendant obtained a title report, which included a certificate of existing use dated January 15, 1975, for a "1½ story 1 family residence . . . and deck," and a survey of the subject property from 1974. The title report also included a survey of the subject property dated July 17, 2007, and a survey inspection report dated September 21, 2010.
The closing was held on September 27, 2010. On or about October 30, 2012, during Hurricane Sandy, a tree was uprooted and fell on the subject property, causing substantial damage to the sunroom (hereinafter the Florida room), the deck, and the master bedroom. At her deposition, the plaintiff testified that when the "hundred-foot tree" fell on the subject property, it "came from the side of [her] bedroom, so it took out [her] gable in [her] bedroom, then it went across the [Florida room] and it shattered the roof there, and then it went across the deck and it broke the deck, and then it laid down on the . . . back property line." The plaintiff called her homeowner's insurance carrier the next day, made a claim under her homeowner's insurance policy (hereinafter the policy) for the property damage, and retained an architect to prepare plans for the reconstruction work. Thereafter, the plaintiff was allegedly told by the architect that the Florida room did not have a certificate of occupancy. It is undisputed that the plaintiff subsequently obtained certificates of occupancy for, [*2]inter alia, the Florida room and the deck. The construction work was completed in around June 2015. The plaintiff was reimbursed under the policy for, among other things, the architect fee, the cost of the survey, the permit fee, and the cost of the certificates of occupancy.
The plaintiff commenced this action against, among others, the defendant, to recover damages for legal malpractice, alleging that the defendant was negligent in failing to discover that certain structures on the subject property did not have certificates of occupancy. In particular, she asserted that the 2007 survey of the subject property, as compared to the certificate of existing use, showed the addition of, inter alia, the Florida room, the deck, and "the extension of the southern wall in the master bedroom." The plaintiff subsequently moved for, inter alia, summary judgment on the issue of liability, and the defendant cross-moved for summary judgment dismissing the amended complaint insofar as asserted against her. By order dated November 14, 2016, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals. We affirm.
A plaintiff in an action alleging legal malpractice must prove that the defendant attorney's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff to sustain actual and ascertainable damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Sang Seok NA v Schietroma, 163 AD3d 597, 598). "An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if but for the attorney's negligence, the plaintiff would have succeeded on the merits of the underlying action, or would not have sustained actual and ascertainable damages" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 50 [citation and internal quotation marks omitted]; see Richmond Holdings, LLC v David S. Frankel, P.C., 150 AD3d 1168, 1168).
"It is a defendant's burden, when it is the party moving for summary judgment, to demonstrate affirmatively the merits of a defense, which cannot be sustained by pointing out gaps in the plaintiff's proof" (Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871). Once a defendant makes a prima facie showing, the burden shifts to the plaintiff to raise a triable issue of fact (see Iannucci v Kucker & Bruh, LLP, 161 AD3d 959, 960; Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d 955, 956).
Here, the defendant met her prima facie burden of demonstrating that the plaintiff did not sustain actual and ascertainable damages proximately caused by the defendant's alleged negligent representation (see Harris v Barbera, 163 AD3d 534, 536; Panos v Eisen, 160 AD3d 759, 760; Kaloakas Mgt. Corp. v Lawrence & Walsh, P.C., 157 AD3d at 779). The evidentiary submissions established that the proximate cause of the plaintiff's damages was the occurrence of a tree falling on the subject property during Hurricane Sandy, and not any claimed failure on the part of the defendant to discover, prior to the closing, any alleged discrepancy between the certificate of existing use and the 2007 survey of the subject property (see Excelsior Capitol LLC v K & L Gates LLP, 138 AD3d 492, 492; cf. Esposito v Noto, 132 AD3d 944, 946). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting the defendant's cross motion for summary judgment dismissing the amended complaint insofar as asserted against her. For these same reasons, we agree with the court's determination denying the plaintiff's motion, inter alia, for summary judgment on the issue of liability.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court