Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A. (2021 NY Slip Op 04652)





Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A.


2021 NY Slip Op 04652


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-09198
 (Index No. 8853/14)

[*1]Aqua-Trol Corporation, appellant,
v
Wilentz, Goldman & Spitzer, P.A., respondent.


Steven G. Legum, Mineola, NY (Gina Biasi of counsel), for appellant.
L'Abbate, Balkin, Colavita & Contini, LLP, Garden, City, NY (Marian C. Rice and Candice B. Ratner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), dated July 16, 2019. The judgment, upon an order of the same court dated July 11, 2019, granting the defendant's motion for summary judgment dismissing the complaint and denying the plaintiff's cross motion for summary judgment on the issue of liability, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order dated July 11, 2019, is modified accordingly.
In September 2014, the plaintiff, Aqua-Trol Corporation (hereinafter Aqua-Trol), commenced this action against the defendant, Wilentz, Goldman & Spitzer, P.A. (hereinafter Wilentz), former counsel to Aqua-Trol, to recover damages Aqua-Trol alleges it incurred as a result of legal malpractice committed by Wilentz when it represented Aqua-Trol in an underlying mortgage foreclosure action in which Aqua-Trol was a named defendant (hereinafter the underlying foreclosure action). As is relevant to the appeal, Aqua-Trol alleged that Wilentz committed legal malpractice causing damages to Aqua-Trol by erroneously making certain concessions and failing to raise meritorious defenses in an answer Wilentz filed on behalf of Aqua-Trol in the underlying foreclosure action. Aqua-Trol alleged that a judgment in the underlying foreclosure action effectively extinguished a mortgage lien held by Aqua-Trol on the property at issue in the underlying foreclosure action. Wilentz moved for summary judgment dismissing the complaint, and Aqua-Trol cross-moved for summary judgment on the issue of liability. In an order dated July 11, 2019, the Supreme Court granted Wilentz's motion and denied Aqua-Trol's cross motion. Thereafter, a judgment was entered, upon the order, which is in favor of Wilentz and against Aqua-Trol dismissing the complaint. Aqua-Trol appeals. We reverse.
To succeed on a motion for summary judgment dismissing a legal malpractice action, a defendant must present evidence in admissible form establishing that at least one of the essential elements of legal malpractice cannot be satisfied (see Buczek v Dell & Little, LLP, 127 AD3d 1121, 1123; Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d 955, 956). Those elements require a showing that (1) the attorney failed to exercise the ordinary reasonable skill and knowledge [*2]commonly possessed by a member of the legal profession and (2) the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Bells v Foster, 83 AD3d 876, 877; see also Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 845). The causation element requires a showing that the injured party "'would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence'" (Bells v Foster, 83 AD3d at 877, quoting Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1018). The defendant must affirmatively demonstrate the absence of one of the elements of legal malpractice, rather than merely pointing out gaps in the plaintiff's proof (see Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871).
Here, the judgment must be reversed, as the Supreme Court should have denied Wilentz's motion for summary judgment dismissing the complaint. Wilentz failed to submit evidence establishing, prima facie, the absence of at least one essential element of the legal malpractice cause of action (see Bells v Foster, 83 AD3d at 877; see also Biberaj v Acocella, 120 AD3d 1285, 1287). Since Wilentz failed to make its prima facie showing, we do not need to consider the sufficiency of Aqua-Trol's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court, however, properly denied Aqua-Trol's cross motion for summary judgment on the issue of liability. Aqua-Trol did not establish, prima facie, that Wilentz failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession (see Schottland v Brown Harris Stevens Brooklyn, LLC, 137 AD3d 995, 996-997; Bells v Foster, 83 AD3d at 877). Since Aqua-Trol failed to satisfy its prima facie burden, we need not consider the sufficiency of Wilentz's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court