| |
|---|
| **Oquendo v Approved Oil Co. of Brooklyn, Inc.** |
| 2025 NY Slip Op 32100(U) |
| June 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159395/2021 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYNN R. KOTLER, J.S.C.**     PART     08

-------------------------------------------------------------------X

JUDITH OQUENDO,

                  Plaintiff,

         - v -

APPROVED OIL CO. OF BROOKLYN, INC., and
FRANMAR INFANTS WEAR, INC.,

                  Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159395/2021 |
| MOTION DATE | 04/15/2025, 05/13/2025 |
| MOTION SEQ. NO. | 002, 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57

were read on this motion for              JUDGMENT - SUMMARY      .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 59, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion for              JUDGMENT - DEFAULT      .

## INTRODUCTION

In this personal injury action, commenced in October 2021, plaintiff asserts a single cause of action for negligence, alleging that she was injured when she slipped and fell on oil spilled by defendant Approved Oil Co. of Brooklyn ("Approved Oil") on the sidewalk in front of a building allegedly owned by defendant Franmar Infants Wear, Inc. ("Franmar") located at 648 Broadway in Manhattan. Approved Oil, which is a company that delivers heating oil to buildings, answered the complaint and asserted cross-claims against Franmar for common-law indemnification and contribution. Franmar did not answer or appear in this action. Approved Oil now moves pursuant to CPLR 3212 for summary judgment dismissing the complaint as against it (MOT SEQ 002). Plaintiff opposes the motion and cross-moves (1) to sanction Approved Oil pursuant to 22 NYCRR 130-1.1(a) for filing an allegedly frivolous summary judgment motion; and (2) pursuant to CPLR 3212 for summary judgment on liability as against Approved Oil. Approved Oil opposes the cross-motion and separately moves pursuant to CPLR 3215 for default judgment on its cross-claims against Franmar (MOT SEQ 003), which motion is unopposed. For

159395/2021   OQUENDO, JUDITH vs. APPROVED OIL CO. OF BROOKLYN, INC. ET AL
Motion No. 002

Page 1 of 6

[* 1]

the reasons set forth below, Approved Oil's summary judgment and default judgment motions and plaintiff's cross-motion are denied.

DISCUSSION

I. Motion Sequence 002

a. Summary Judgment

On a motion for summary judgment, the proponent bears the initial burden of making a prima facie showing that it is entitled to summary judgment as a matter of law, providing sufficient evidence that no material issues of triable fact exist (*Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.*, 36 NY3d 69, 74 [2020]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once met, the burden shifts to the opposing party to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact . . . mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see also De Lourdes Torres v Jones*, 26 NY3d 742, 763 [2016]). However, if the proponent fails to make out its prima facie case for summary judgment its motion must be denied regardless of the sufficiency of the opposing papers (*Alvarez*, 68 NY2d at 324; *Ayotte v Gervasio*, 81 NY2d 1062 [1993]). The function of the summary judgment procedure is "issue-finding," not "issue-determination" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505 [2012] [internal quotation marks and citation omitted]).

Approved Oil does not establish its *prima facie* entitlement to summary judgment dismissing the complaint. "A defendant seeking summary judgment in a slip and fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition, nor had actual or constructive notice of its existence" (*Sabalza v Salgado*, 85 AD3d 436, 437 [1st Dept. 2011]; *see Ross v Betty G. Reader Revocable Tr.*, 86 AD3d 419, 421 [1st Dept. 2011]). Approved Oil submits and principally relies upon the transcript of plaintiff's deposition. Plaintiff testified, as relevant here, that she did not notice any oil on the ground nor anyone cleaning up anything on the sidewalk prior to her accident, but that, after she fell, she observed oil on the sidewalk, which she believes to be the cause of her fall. Plaintiff further testified that a uniformed employee of an unidentified oil delivery company approached her and helped her get up from the ground.

[* 2]

Based on this testimony, Approved Oil argues that plaintiff lacks evidence it created or had notice of the dangerous oil spill that allegedly caused her fall. Specifically, it contends that, by her own admission, plaintiff did not witness any oil being spilled and can only speculate that the oil spill that caused her fall originated from Approved Oil. It further contends that plaintiff offered no testimony to establish that Approved Oil was aware of an oil spill prior to the accident, nor was she able to testify as to how long the oil was present on the sidewalk prior to her fall. These contentions are unavailing. Rather than submit evidence to affirmatively demonstrate that it neither created nor had notice of the subject oil spill, Approved Oil relies solely on purported deficiencies in plaintiff's proof. However, "pointing to gaps in an opponent's evidence is insufficient to demonstrate a movant's entitlement to summary judgment" (*Koulermos v A.O. Smith Water Prods.*, 137 AD3d 575, 576 [1st Dept. 2016]; *see Ricci v A.O. Smith Water Prods. Co.*, 143 AD3d 516, 516 [1st Dept. 2016]; *Sabalza*, 85 AD3d at 437-38). Therefore, Approved Oil's summary judgment motion is denied.

Plaintiff's cross-motion is likewise denied to the extent it seeks summary judgment on liability as against Approved Oil because the motion relies almost entirely on hearsay evidence. Plaintiff submits the deposition transcript of Approved Oil employee Phillip Rizzuto, who was the oil dispatcher for Approved Oil on the date of the accident. However, Rizzuto has no personal knowledge of the events surrounding plaintiff's accident. Rather, his testimony regarding the accident consists entirely of hearsay statements purportedly made to him by an Approved Oil driver. Specifically, Rizzuto testified that, on the day of the accident, he was contacted by Hector, an Approved Oil driver, who told him that someone slipped on the cellar board of a building to which Hector was making a delivery. Rizzuto further stated that Hector indicated the cellar board was wet due to water and oil that spilled onto the sidewalk from the vent pipe for the building's oil tank when Hector opened the trigger on the hose to begin dispensing oil.

The proponent of a summary judgment motion must demonstrate its *prima facie* entitlement to judgment as a matter of law "by tender of evidentiary proof in admissible form" (*Zuckerman*, 49 NY2d at 562). As such, hearsay testimony alone is insufficient to satisfy plaintiff's burden of demonstrating her *prima facie* entitlement to summary judgment (*see id.*; *Wen Ying Ji v Rockrose Dev. Corp.*, 34 AD3d 253, 254 [1st Dept. 2006]; *AIU Ins. Co. v*

**159395/2021 OQUENDO, JUDITH vs. APPROVED OIL CO. OF BROOKLYN, INC. ET AL** Page 3 of 6
**Motion No. 002**

[* 3]

*American Motorists Ins. Co.,* 8 AD3d 83, 85 [1st Dept. 2004]). To be sure, hearsay evidence may be admissible if it falls under one of the various exceptions to the hearsay rule. However, the burden is on "[t]he proponent of hearsay evidence [to] establish the applicability of a hearsay-rule exception" (*Tyrrell v Wal-Mart Stores Inc.*, 97 NY2d 650, 652 [2001]). Here, plaintiff makes no attempt to demonstrate that any such exception is applicable to the hearsay testimony on which she relies.

Moreover, even if the hearsay recounted by Rizzuto were admissible, other elements of Rizzuto's testimony raise triable issues of fact as to Approved Oil's alleged negligence. Rizzuto testified that naturally occurring water condensation or oil residue from a prior spill may occasionally be expelled from an oil tank's vent pipe when the trigger is opened on the hose during a delivery, but that there is no way for a driver to check for such condensation or residue before hooking up the line. This matches the description purportedly given to Rizzuto by Hector, the Approved Oil driver allegedly on site at plaintiff's accident, regarding the oil and water that spilled during his delivery. Thus, even if the spill occurred in the course of Approved Oil's delivery, plaintiff has not shown the absence of triable issues of fact as to whether the spill was created due to any negligence on the part of Approved Oil. Further, according to Rizzuto, Hector informed him that the accident occurred 40-50 seconds after the spill, while Hector was retrieving oil absorbent pads from the delivery truck to contain and clean up the spill. Thus, even if Approved Oil had notice of the spill, plaintiff does not demonstrate the absence of triable issues of fact as to whether Approved Oil's driver acted promptly and reasonably to attempt to remediate the spill and whether there was sufficient time between the occurrence of the spill and the accident to allow him a reasonable opportunity to do so.

   b.   Sanctions

Plaintiff's cross-motion is also denied to the extent it seeks sanctions for Approved Oil's filing of a purportedly frivolous motion. 22 NYCRR § 130-1.1(a) provides, in relevant part, that the court, "in its discretion, may award to any party or attorney in any civil action . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct." "Although the advancement of a meritless position may serve as the basis for a finding of frivolity, the standard for such a showing is high: the rule provides that a position will be deemed frivolous only where it is completely without merit in law and

**159395/2021  OQUENDO, JUDITH vs. APPROVED OIL CO. OF BROOKLYN, INC. ET AL**                **Page 4 of 6**
**Motion No.  002**

4 of 6

cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (*U.S. Bank Nat'l Ass'n v Tait*, 234 AD3d 889, 892 [2nd Dept. 2025] [internal quotation marks omitted]; *see* 22 NYCRR § 130-1.1[c][1]). Applying this standard, the court determines that plaintiff does not demonstrate that sanctions are warranted.

II.    Motion Sequence 003

Approved Oil seeks leave to enter a default judgment on its cross-claims against Franmar for common-law indemnification and contribution. On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing (*see* CPLR 3215[f]; *Gordon Law Firm, P.C. v Premier DNA Corp.*, 205 AD3d 416, 417 [1st Dept. 2022]).

Initially, the court notes that Approved Oil's answer does not demand an answer from Franmar in response to the cross-claims asserted against it. Pursuant to CPLR 3011, "[t]here shall be . . . an answer to a cross-claim that contains a demand for an answer. If no demand is made, the cross-claim shall be deemed denied or avoided." "The denial that is 'deemed' by law to have been made occurs at the time that an answer to the cross claim would otherwise be due[,]" and thus, "[i]n instances where an answer is not demanded in response to a cross claim, the denial that is 'deemed' to have been made under CPLR 3011 will foreclose any motion for a default judgment on the cross claim" (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 310 [2nd Dept. 2011]). Therefore, because Approved Oil did not demand an answer in response to its cross-claims, its motion for a default judgment on the cross-claims is foreclosed by operation of law (*see id.*).

Furthermore, even if the default judgment motion were not so foreclosed, Approved Oil submits no proof of service of its answer with cross-claims upon Franmar. As such, it fails to satisfy the requirements for demonstrating its entitlement to default judgment on its cross-claims (*see Bank of New York Mellon v Gordon*, 171 AD3d 197, 211 [2nd Dept. 2019]).

Therefore, Approved Oil's motion for leave to enter a default judgment on its cross-claims against Franmar is denied.

159395/2021 OQUENDO, JUDITH vs. APPROVED OIL CO. OF BROOKLYN, INC. ET AL      Page 5 of 6
Motion No. 002

5 of 6

[* 5]

## CONCLUSION

Accordingly, it is hereby

ORDERED that defendant Approved Oil's summary judgment motion (MOT SEQ 002) and plaintiff's cross-motion for sanctions and partial summary judgment are denied; and it is further

ORDERED that defendant Approved Oil's default judgment motion (MOT SEQ 003) is denied; and it is further

ORDERED that the Clerk shall mark the file accordingly.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby expressly rejected and this constitutes the Decision and Order of the court.

| | | |
|---|---|---|
| **6/10/2025** | | |
| **DATE** | | **LYNN R. KOTLER, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**159395/2021 OQUENDO, JUDITH vs. APPROVED OIL CO. OF BROOKLYN, INC. ET AL**
**Motion No. 002**

Page 6 of 6

6 of 6