(May 15, 2012)

■ AFFORDABLE COMMUNITY, INC., Appellant, v ALAN M. SIMON, Respondent. [944 NYS2d 606]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated February 10, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and

the defendant's motion for summary judgment dismissing the complaint is denied.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002] [internal quotation marks omitted]; *see Bells v Foster*, 83 AD3d 876 [2011]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Bells v Foster*, 83 AD3d 876 [2011]). "To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements" (*Alizio v Feldman*, 82 AD3d 804, 804 [2011]; *see Eisenberger v Septimus*, 44 AD3d 994 [2007]).

The defendant here is an attorney who represented the plaintiff in a lawsuit asserted against the plaintiff by an individual who was injured at a construction site owned by the plaintiff. In this legal malpractice action, the defendant alleged that the plaintiff limited him to presenting only certain unsuccessful defense arguments in the course of representation. However, the defendant's own evidence raised a triable issue of fact regarding this allegation. Consequently, there remain triable issues of fact as to whether the defendant negligently failed to present viable defenses in the underlying action and if so, whether, as a result of such failure, the plaintiff incurred liability for damages in that lawsuit. Accordingly, the defendant's submissions in support of his motion for summary judgment did not establish, prima facie, that the plaintiff will be unable to prove the elements of legal malpractice and, thus, he failed to demonstrate his entitlement to judgment as a matter of law (*see Mueller v Fruchter*, 71 AD3d 650, 651 [2010]; *Rosenstrauss v Jacobs & Jacobs*, 56 AD3d 453, 454 [2008]). In light of our determination, we need not address the sufficiency of the plaintiff's opposition papers (*see Scott v Gresio*, 90 AD3d 736, 737 [2011]; *see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have denied the de-

fendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Lott and Sgroi, JJ., concur.