In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered April 9, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
“In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney ‘failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession’ and that the attorney’s breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007], quoting McCoy v Feinman, 99 NY2d 295, 301-302 [2002]; see Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812 [2013]). “To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer’s negligence” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; see Davis v Klein, 88 NY2d 1008, 1009-1010 [1996]; Carmel v Lunney, 70 NY2d 169, 173 [1987]; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d at 813). “ ‘To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements’ ” (Affordable Community, Inc. v Simon, 95 AD3d 1047, 1048 [2012], quoting Alizio v Feldman, 82 AD3d 804, 804 [2011]; see Bey v Flushing Hosp. Med. Ctr., 95 AD3d 1152, 1153 [2012]; Eisenberger v Septimus, 44 AD3d 994, 995 [2007]).
*583 Here, contrary to the Supreme Court’s determination, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint. As a result of the plaintiffs counsel’s failure to appear at a scheduled compliance conference in the underlying action, the underlying action was ultimately dismissed. Contrary to the defendant’s contention, the evidence he submitted in the present action in support of his motion for summary judgment dismissing the complaint did not establish, prima facie, that he no longer represented the plaintiff at the time of that default. The defendant acknowledged in an affidavit submitted in support of his motion that, after the default, he assisted the plaintiff in his efforts to have the underlying action restored to the calendar, stating, inter alia, that he “use[d] law office failure as the reason [he] did not appear” on behalf of the plaintiff in the underlying action. Therefore, the defendant failed to establish, prima facie, that the plaintiff could not prove breach of duty based on the alleged failure to appear. Furthermore, contrary to his contention, the defendant failed to establish, prima facie, that the plaintiff’s conduct negated any negligence by the defendant and constituted the sole proximate cause of the dismissal of the underlying action. Accordingly, the defendant’s submissions in support of his motion for summary judgment did not establish, prima facie, that the plaintiff will be unable to prove at least one element of his legal malpractice claim and, thus, the defendant failed to demonstrate his entitlement to judgment as a matter of law (see Affordable Community, Inc. v Simon, 95 AD3d at 1048; Mueller v Fruchter, 71 AD3d 650, 651 [2010]; Rosenstrauss v Jacobs & Jacobs, 56 AD3d 453, 454 [2008]). In light of our determination, we need not address the sufficiency of the plaintiffs opposition papers (see Affordable Community, Inc. v Simon, 95 AD3d at 1048; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Accordingly, the Supreme Court should have denied the defendant’s motion for summary judgment dismissing the complaint. Dickerson, J.E, Roman, Miller and Hinds-Radix, JJ., concur.