In an action to recover damages for legal malpractice, the defendant/second third-party plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Adler, J.), entered January 9, 2013, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the defendant/third third-party plaintiff, Garguilo & Orzechowski, LLp separately appeals from so much of the same *768 order as (a) denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and (b) denied that branch of its motion which was for summary judgment on the third third-party complaint.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff by the defendant/ second third-party plaintiff and the defendant/third third-party plaintiff, appearing separately and filing separate briefs, and one bill of costs payable to the second third-party defendants/ third third-party defendants by the defendant/third third-party plaintiff.
The plaintiff commenced this action to recover damages arising from legal malpractice allegedly committed by Garguilo & Orzechowski, LLP, and Jerry Garguilo (hereinafter together the Garguilo defendants), while representing him in a declaratory judgment action to enforce the buy-out provision of a stock agreement. The plaintiff alleged, inter alia, that the Garguilo defendants failed to serve a notice required by the stock agreement upon the individual shareholders, which resulted in a judgment dismissing them from the action. The Supreme Court, among other things, denied Jerry Garguilo’s motion for summary judgment dismissing the complaint insofar as asserted against him, and denied that branch of the separate motion of Garguilo & Orzechowski, LLI] which was for summary judgment dismissing the complaint insofar as asserted against it.
“In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney ‘failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession’ and that the attorney’s breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007], quoting McCoy v Feinman, 99 NY2d 295, 301 [2002]; see Frederick v Meighan, 75 AD3d 528, 531 [2010]). “To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer’s negligence” (Rudolfo Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; see Waggoner v Caruso, 14 NY3d 874 [2010]; Barnave v Davis, 108 AD3d 582 [2013]). “ ‘To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements’ ” (Affordable Community, Inc. v Simon, 95 AD3d 1047, 1048 [2012], quoting Alizio v Feldman, 82 AD3d 804, 804 [2011]; see Barnave v Davis, 108 AD3d 582 [2013]).
*769 Here, the Garguilo defendants each failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them. The stock redemption agreement in the underlying action required that notice of redemption be mailed to each of the individual shareholders at the address listed in the agreement. As a result of the Garguilo defendants’ failure to send this notice to the individual shareholders, the individual shareholder defendants were dismissed from the underlying action. The Garguilo defendants’ submissions in support of their respective motions did not establish, prima facie, that the plaintiff will be unable to prove at least one element of his legal malpractice claim and, thus, they failed to demonstrate their entitlement to judgment as a matter of law (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438 [2007]; Barnave v Davis, 108 AD3d at 583; Affordable Community, Inc. v Simon, 95 AD3d at 1048; cf. Board of Mgrs. of Bay Club v Borah, Goldstein, Schwartz, Altschuler & Nahins, P.C., 97 AD3d 612, 613-614 [2012]; Frederick v Meighan, 75 AD3d at 531-532; Leach v Bailly, 57 AD3d 1286, 1289 [2008]). Moreover, contrary to the Garguilo defendants’ contention, they failed to demonstrate, prima facie, that the plaintiffs subsequent counsel, Dollinger, Gonski & Gross-man, Esqs., and Matthew Dollinger (hereinafter together the Dollinger third-party defendants), had a sufficient opportunity to fully protect the plaintiffs rights when it took over the case, as to establish that any alleged negligence on the part of the Garguilo defendants was not a proximate cause of the plaintiffs damages (cf. Perks v Lauto & Garabedian, 306 AD2d 261 [2003]; Albin v Pearson, 289 AD2d 272 [2001]).
The Garguilo defendants’ respective remaining contentions are without merit.
In light of the Garguilo defendants’ failure to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them, regardless of the sufficiency of the plaintiffs opposing papers (see Affordable Community, Inc. v Simon, 95 AD3d at 1048; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Furthermore, the Supreme Court properly denied that branch of the motion of Garguilo & Orzechowski, LLf which was for summary judgment on the third third-party complaint, which alleged causes of action against the Dollinger third-party defendants for contribution and common-law indemnification. In the third third-party complaint, Garguilo & Orzechowski, LLP, *770 alleged, inter alia, that if the plaintiff is able to establish that Garguilo & Orzechowski, LLI] committed malpractice, then the Dollinger third-party defendants are culpable for essentially the same conduct because they too failed to serve notice on the individual shareholders and to take action against those shareholders to enforce the buy-out provision of the stock agreement. Contrary to the contentions of Garguilo & Orzechowski, LLP, the Supreme Court properly denied that branch of its motion which was for summary judgment on the cause of action for common-law indemnification. Garguilo & Orzechowski, LLF] failed to establish, prima facie, that it was free from negligence or that its negligence was not a proximate cause of the plaintiffs alleged damages (see Waggoner v Caruso, 14 NY3d 874 [2010]; Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; Raquet v Braun, 90 NY2d 177, 183 [1997]; Barnave v Davis, 108 AD3d 582 [2013]). “Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee” (Konsky v Escada Hair Salon, Inc., 113 AD3d 656, 658 [2014]), Garguilo & Orzechowski, LLP failed to establish its prima facie entitlement to indemnification from the Dollinger third-party defendants. The Supreme Court also properly denied that branch of the motion of Garguilo & Orzechowski, LLP, which was for summary judgment on the cause of the action for contribution, as Garguilo & Orzechowski, LLF[ failed to eliminate triable issues of fact as to the relative culpability, if any, of the Dollinger third-party defendants (see Markey v C.F.M.M. Owners Corp., 51 AD3d 734, 738 [2008]). Accordingly, the Supreme Court properly denied that branch of the motion of Garguilo & Orzechowski, LLP, which was for summary judgment on the third third-party complaint, regardless of the sufficiency of the Dollinger third-party defendants’ opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Skelos, J.P, Chambers, Hall and Maltese, JJ., concur.