■ ANDREW HOFFMAN, Appellant, v ANTHONY J. COLLELUORI et al., Respondents. [32 NYS3d 586]—

In an action to recover damages for legal malpractice, the

plaintiff appeals from an order of the Supreme Court, Nassau County (Brown, J.), dated July 10, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 2006, the plaintiff retained the defendants (hereinafter the law firm) to commence an action in the United States District Court for the Eastern District of New York (hereinafter the federal action) against the Nassau County Police Department and certain police officers, inter alia, to recover damages for false imprisonment pursuant to 42 USC § 1983. The complaint did not contain a cause of action to recover damages for malicious prosecution under 42 USC § 1983. The District Court granted the County's motion to dismiss the complaint, finding, among other things, that the cause of action to recover damages for false imprisonment pursuant to 42 USC § 1983 was time-barred. Subsequently, in 2008, the law firm, on behalf of the plaintiff, commenced an action in the Supreme Court, Nassau County, against the County and the same police officers, asserting, inter alia, a cause of action to recover damages for malicious prosecution pursuant to 42 USC § 1983. The Supreme Court granted the County's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the causes of action were time-barred.

In 2010, the plaintiff commenced this action against the law firm to recover damages for legal malpractice, alleging, among other things, that it had failed to timely assert the cause of action to recover damages for malicious prosecution pursuant to 42 USC § 1983 in the federal action. After joinder of issue and discovery, the law firm moved for summary judgment dismissing the complaint, contending that the plaintiff would not have prevailed on his malicious prosecution claim under 42 USC § 1983 even if it had been timely asserted in the federal action. The Supreme Court granted the motion.

To sustain a cause of action alleging legal malpractice, the plaintiff must establish that the defendant "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 49 [2015] [internal quotation marks omitted]; *see Biberaj v Acocella*, 120 AD3d 1285, 1286 [2014]). "An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if but for the attorney's negligence the plaintiff would have suc-

ceeded on the merits of the underlying action, or would not have sustained actual and ascertainable damages" (*Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d at 50 [internal quotation marks and citation omitted]; *see Barnave v Davis*, 108 AD3d 582, 582 [2013]). "To succeed on a motion for summary judgment dismissing the complaint in a legal malpractice action, the defendant must present evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element of his or her cause of action alleging legal malpractice" (*Biberaj v Acocella*, 120 AD3d at 1286 [internal quotation marks omitted]; *see Barnave v Davis*, 108 AD3d at 582).

Here, the law firm established, prima facie, that even if it had timely asserted a cause of action to recover damages for malicious prosecution pursuant to 42 USC § 1983 in the federal action, the plaintiff would not have been successful on the merits, since the plaintiff's conviction and a judicial determination of probable cause in the underlying criminal proceeding created a presumption of the existence of probable cause for that criminal proceeding (*see Knox v County of Putnam*, 2012 WL 4462011, *4, 2012 US Dist LEXIS 139586, *16 [SD NY, Sept. 27, 2012, No. 10-Civ-1671 (ER)]; *Passucci v Home Depot, Inc.*, 67 AD3d 1470, 1471 [2009]; *Goddard v Daly*, 295 AD2d 314, 315 [2002]; *Gullo v Graham*, 255 AD2d 975, 976 [1998]; *see also Hamoudeh v Mandel*, 62 AD3d 948, 949 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact.

In light of our determination, we need not reach the law firm's remaining contentions.

Accordingly, the Supreme Court properly granted the law firm's motion for summary judgment dismissing the complaint. Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.