Bratge v Simons (2018 NY Slip Op 08778)





Bratge v Simons


2018 NY Slip Op 08778


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


998 CA 18-00091

[*1]MARK BRATGE AND KATRINA BRATGE, PLAINTIFFS-APPELLANTS,
v
JEFFREY SIMONS, INDIVIDUALLY AND AS SUPERINTENDENT OF ROME CITY SCHOOL DISTRICT, FRANK CONESTABILE, INDIVIDUALLY AND AS DIRECTOR OF EMPLOYEE RELATIONS FOR ROME CITY SCHOOL DISTRICT, TRACEY O'ROURKE, INDIVIDUALLY AND AS PRINCIPAL OF STROUGH JUNIOR HIGH SCHOOL, ROME CITY SCHOOL DISTRICT, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






FRANK POLICELLI, UTICA, FOR PLAINTIFFS-APPELLANTS.
FERRARA FIORENZA PC, EAST SYRACUSE (MILES G. LAWLOR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered October 19, 2017. The order granted the motion of defendants Jeffrey Simons, Frank Conestabile, Tracey O'Rourke, in their official and individual capacities, and the Rome City School District to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This action arises out of an incident that purportedly occurred on November 12, 2015, in which Mark Bratge (plaintiff), a technology teacher at the Strough Junior High School (School), was alleged to have engaged in certain inappropriate conduct toward a student during class at the School. After the incident, the student informed a guidance counselor of plaintiff's conduct. According to plaintiffs, defendants Jeffrey Simons, the Superintendent of defendant Rome City School District (District), Frank Conestabile, the Director of Employee Relations for the District, and Tracey O'Rourke, the Principal of the School, were involved in making the decision to refer the matter to law enforcement authorities. Thereafter, on December 28, 2015, plaintiff was arrested and charged with certain misdemeanors as a result of the incident. The parties agree that, during the ensuing criminal trial, plaintiff moved for a trial order of dismissal concerning the charges but City Court denied the motion, concluding that the People had established a prima facie case on the crimes charged. After plaintiff was acquitted of the criminal charges, plaintiffs commenced this action against, inter alia, Simons, Conestabile, O'Rourke and the District (collectively, defendants), seeking money damages under several theories, including malicious prosecution, breach of contract, inadequate training and supervision, and a derivative cause of action on behalf of plaintiff Katrina Bratge. Plaintiffs now appeal from an order granting defendants' pre-answer motion to dismiss the complaint against them. We affirm.
Initially, we note that Supreme Court dismissed the fourth, derivative cause of action on the ground that plaintiffs failed to include it in their notice of claim. Plaintiffs do not challenge the dismissal of that cause of action on appeal, and thus have abandoned any contention with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Plaintiffs contend that the court erred in dismissing the complaint on statute of limitations [*2]grounds because they timely commenced the action by serving a notice of claim within the relevant limitations periods. We reject that contention. "An action is commenced by filing a summons and complaint or summons with notice in accordance with rule twenty-one hundred two of this chapter" (CPLR 304 [a]). Moreover, "the filing of the notice of claim did not toll the statute of limitations" (Koehnlein v Jackson, 12 AD3d 1185, 1186 [4th Dept 2004], lv denied 4 NY3d 706 [2005]; see Matter of Barner v Jeffersonville-Youngsville Cent. Sch. Dist., 117 AD2d 162, 166 n 1 [3d Dept 1986]; see also Hey v Town of Napoli, 265 AD2d 803, 804 [4th Dept 1999]).
Plaintiffs' contention that the breach of contract claim in the first cause of action did not accrue until after plaintiff was acquitted of the criminal charges because damages were not ascertainable until then is also without merit. A breach of contract accrues at the time of the breach even if " no damage occurs until later' " (Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]). Consequently, that claim accrued at the time of the alleged breach, which occurred prior to December 28, 2015, and thus it was time-barred under the one-year statute of limitations in Education Law § 3813 (2-b). Plaintiffs also contend that the additional claim in the first cause of action, alleging a violation of plaintiff's due process rights, is not time-barred due to the application of the continuing wrong doctrine. We reject that contention. The continuing wrong doctrine allows a later accrual date of a cause of action
" where the harm sustained by the complaining party is not exclusively traced to the day when the original objectionable act was committed' " (Capruso v Village of Kings Point, 23 NY3d 631, 639 [2014]; see EPK Props., LLC v Pfohl Bros. Landfill Site Steering Comm., 159 AD3d 1567, 1569 [4th Dept 2018]). Here, however, plaintiffs alleged that defendants violated plaintiff's due process rights by failing to properly investigate the student's complaint before reporting it to the prosecuting authorities, and all of the alleged damages arise from that failure. Thus, the continuing wrong doctrine is inapplicable.
Contrary to plaintiffs' further contention, the court properly dismissed the second cause of action, for malicious prosecution. "To obtain recovery for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice" (Martinez v City of Schenectady, 97 NY2d 78, 84 [2001]; see Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied 423 US 929 [1975]). Here, it is undisputed that there was "a judicial determination of probable cause" in the underlying criminal action (Gullo v Graham, 255 AD2d 975, 976 [4th Dept 1998]; see generally Hoffman v Colleluori, 139 AD3d 900, 902 [2d Dept 2016], lv denied 28 NY3d 911 [2016]), which "can be overcome only upon a showing of fraud, perjury or the withholding of evidence" (Brown v Roland, 215 AD2d 1000, 1001 [3d Dept 1995], lv dismissed 87 NY2d 861 [1995]; see Gullo, 255 AD2d at 976), and the complaint fails to allege such conduct. In addition, the documentary evidence establishes that defendants merely "furnished information to law enforcement authorities, who then exercised their own judgment in determining whether they should arrest and file criminal charges against plaintiff. It is well settled that such actions by a civilian complainant . . . do not render the complainant liable for . . . malicious prosecution" (Quigley v City of Auburn, 267 AD2d 978, 980 [4th Dept 1999]; see also Barrett v Watkins, 82 AD3d 1569, 1572 [3d Dept 2011]). Consequently, the court properly dismissed the second cause of action pursuant to CPLR 3211 (a) (1).
Furthermore, pursuant to Education Law § 1128 (4), defendants are entitled to immunity from liability for their good faith compliance with the mandatory reporting requirements of section 1126. Here, the documentary evidence submitted by defendants established that they acted reasonably and in good faith in transmitting the report of child abuse in an educational setting, and thus the court properly concluded that they are entitled to statutory immunity.
We reject plaintiffs' contention that the court erred in dismissing the third cause of action, alleging negligent training and supervision. We are cognizant of our duty on a motion to dismiss to "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]), and that the issue " [w]hether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss' " (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]). Nevertheless, although "it is axiomatic that a court must assume the truth of the complaint's allegations, such an assumption must fail where there are conclusory allegations [*3]lacking factual support . . . Indeed, a cause of action cannot be predicated solely on mere conclusory statements . . . unsupported by factual allegations" (Miller v Allstate Indem. Co., 132 AD3d 1306, 1307 [4th Dept 2015] [internal quotation marks omitted]; see McFadden v Schneiderman, 137 AD3d 1618, 1619 [4th Dept 2016]). Here, the only factual allegations in the third cause of action concern the actions of other defendants not involved in this appeal; therefore, plaintiffs' conclusory allegations with respect to defendants fail to state a valid cause of action for negligent training and supervision against them (see Moore v First Fed. Sav. & Loan Assn. of Rochester, 237 AD2d 956, 957 [4th Dept 1997]; cf. Kerzhner v G4S Govt. Solutions, Inc., 138 AD3d 564, 565 [1st Dept 2016]; see generally Sclar v Fayetteville-Manlius Sch. Dist., 300 AD2d 1115, 1115 [4th Dept 2002], lv denied 99 NY2d 510 [2003]).
In addition, the third cause of action is time-barred inasmuch as that cause of action accrued on December 28, 2015, i.e., the date on which plaintiff was arrested, and the summons and complaint was not filed until after the statute of limitations for that cause of action had run (see Education Law § 3813 [2]; General Municipal Law § 50-i [1] [c]; see generally CPLR 304 [a]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court