Pugliese v Martin Law Group, P.C. (2019 NY Slip Op 01810)





Pugliese v Martin Law Group, P.C.


2019 NY Slip Op 01810


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-06982
 (Index No. 50678/14)

[*1]Dorothy Pugliese, et al., appellants,
v
Martin Law Group, P.C., et al., respondents.


Law Offices of Sheldon Karasik, P.C., New York, NY (Peter Papasavas of counsel), for appellants.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (David A. Rosenberg of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (James V. Brands), dated June 8, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2014, the plaintiffs commenced this action to recover damages for legal malpractice. In their first cause of action, the plaintiffs allege that the defendants committed legal malpractice when they failed to perfect and prosecute an appeal from an order dismissing an underlying action entitled Pugliese v Allstate Indemnity Company, commenced in the Supreme Court, Dutchess County, under Index No. 7265/09 (hereinafter the underlying action). The underlying action sought insurance coverage under a homeowners insurance policy for losses to property caused by a fire.
"A plaintiff in an action alleging legal malpractice must prove that the defendant attorney's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff to suffer damages" (Harris v Barbera, 163 AD3d 534, 535). Even if a plaintiff establishes that an attorney failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession, the plaintiff must still demonstrate that he or she would have succeeded on the merits of the action but for the attorney's negligence (see Di Giacomo v Michael S. Langella, P.C., 119 AD3d 636).
Here, we disagree with the Supreme Court's determination that the defendants established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action. The evidence submitted in support of the defendants' motion did not establish, prima facie, that the plaintiffs could not prove a breach of a duty to perfect and prosecute an appeal in the [*2]underlying action (see Barnave v Davis, 108 AD3d 582). Furthermore, the defendants also failed to establish, prima facie, that had they perfected and prosecuted the appeal, the appeal would not have been successful (see Coccia v Liotti, 70 AD3d 747). Since the defendants failed to make their prima facie showing, we do not need to consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiffs' remaining contention, relating to their second cause of action, which alleges that the defendants committed legal practice when they failed to prevent the foreclosure of the plaintiffs' home, is without merit.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court